[Cite as *State v. Johnson*, 2013-Ohio-4680.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26788 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY W. JOHNSON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 12 05 1240 |

DECISION AND JOURNAL ENTRY

Dated: October 23, 2013

BELFANCE, Judge.

{¶1} Defendant-Appellant Larry Johnson appeals from his sentencing entry issued by the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part, and reverse in part.

I.

{¶2} Mr. Johnson was indicted in May 2012 on one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, two counts of sexual battery in violation of R.C. 2907.03(A)(5), one a felony of the second degree and one a felony of the third degree, one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree. The victim of the alleged charges, A.R., was born July 8, 1997. The dates of the alleged offenses ranged from December 2007 to August 2010.

{¶3}    Mr. Johnson pleaded guilty to rape as contained in count one of the indictment and gross sexual imposition as contained in count three of the indictment.  The remaining counts were dismissed.  A presentence investigation report ("PSI report") was prepared and utilized by the trial court at sentencing.  Mr. Johnson was sentenced to 11 years in prison on the rape charge and 5 years in prison on the gross sexual imposition charge.  The trial court ordered that the sentences were to be served consecutively and were also to be served consecutively to Mr. Johnson's sentence in another case.

{¶4}    Mr. Johnson filed a motion for a delayed appeal, which this Court granted.  He now raises a single assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO THE MAXIMUM PRISON TERM.

{¶5}    Mr. Johnson asserts in his sole assignment of error that the trial court abused its discretion by sentencing him to maximum consecutive sentences for rape and gross sexual imposition.  We agree in part.

{¶6}    This Court reviews sentences pursuant to the two-step approach set forth in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912.

> First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*Id.* at ¶ 26.

{¶7}    The Ohio Supreme Court held in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus, that "[t]rial courts have full discretion to impose a prison

sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." "[N]evertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, ¶ 38.

{¶8} Mr. Johnson does not contend that the trial court committed any legal error. However, after examining the appropriate statutes, we conclude that Mr. Johnson's 11-year sentence for violating R.C. 2907.02(A)(2) is clearly and convincingly contrary to law because he committed the offense prior to the effective date of 2011 Am.Sub.H.B. 86, which increased the maximum penalty for first-degree felonies from ten to eleven years. *See also* 2011 Am.Sub.H.B. 86, Section 4 ("The amendment[] to * * * division (A) of section 2929.14 of the Revised Code that [is] made in this act appl[ies] to a person who commits an offense specified or penalized under th[at] section[] on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendment[] applicable."). Thus, at the time Mr. Johnson violated R.C. 2907.02(A)(2), in August 2010, the maximum penalty for a first-degree felony was ten years. *See* former R.C. 2929.14(A). Accordingly, to the extent the trial court exceeded the maximum statutory range, we sustain Mr. Johnson's assignment of error and remand the matter so that Mr. Johnson can be resentenced for his violation of R.C. 2907.02(A)(2) within the applicable range. As it is unclear if the trial court will impose the maximum sentence for Mr. Johnson's rape conviction when it resentences him, any evaluation of the propriety of the imposition of a maximum sentence for his rape conviction is premature.

{¶9}   With respect to Mr. Johnson's sentence for his violation of R.C. 2907.05(A)(4), there is no dispute that the trial court sentenced Mr. Johnson within the statutory range by sentencing Mr. Johnson to the maximum sentence of five years. *See* R.C. 2929.14(A)(3).[1]  Thus, the term of Mr. Johnson's sentence is not clearly and convincingly contrary to law on that basis. Additionally, the trial court included in its sentencing entry that it considered the record, the oral statements made at sentencing, and R.C. 2929.11 and 2929.12 in sentencing Mr. Johnson.  The trial court stated that, "in forming a sentence, [the Court has] to determine and apply the principles and purposes of felony sentencing.  The Court is required to evaluate both the seriousness of the crime and the recidivism factors."  *See Mathis* at ¶ 38.  The trial court then went on to discuss the seriousness and recidivism factors involved in felony sentencing as they applied to the instant matter.  *See* R.C. 2929.12.  Much of the information discussed was contained in the PSI report that has been made part of the record on appeal.

{¶10}  With respect to the factors involving the seriousness of the crime, the trial court noted that the charges to which Mr. Johnson pleaded guilty involved his step-granddaughter and that the incidents occurred when she was 13-years-old or younger.  *See* R.C. 2929.12(B)(1),(6). Additionally, the trial court pointed out that Mr. Johnson's statements discussed in the PSI report indicate that the sexual abuse happened on more than just the occasions to which he pleaded guilty.  The trial court indicated that, while Mr. Johnson expressed remorse at the sentencing hearing, he did not seem to have an appreciation for what his conduct has done to the victim, *see* R.C. 2929.12(B)(2), and had also previously expressed statements that could be seen as blaming

---

[1] The current and potentially applicable prior versions of R.C. 2929.14(A)(3) provide that the maximum sentence for a third-degree felony violation of R.C. 2907.05(A)(4) is five years.

the victim. Accordingly, the trial court appeared to not find Mr. Johnson's remorse to be genuine. *See* R.C. 2929.12(D)(5). Ultimately, the trial court found that all the factors that would indicate Mr. Johnson was likely to recidivate applied. In considering the likelihood of recidivism, the trial court found that Mr. Johnson committed the rape while he was under a court sanction, *see* R.C. 2929.12(D)(1), had a history of criminal convictions, *see* R.C. 2929.12(D)(2), has not responded favorably to court-imposed sanctions, *see* R.C. 2929.12(D)(3), and has had a pattern of drug and alcohol abuse related to the offense, *see* R.C. 2929.12(D)(4). The trial court also indicated that it reviewed the PSI report, as did defense counsel and the prosecution. Neither side made any assertions that the PSI report was inaccurate. The PSI report reflects that Mr. Johnson has a long term history of drug use which included heroin and crack cocaine, as well as alcohol abuse. The assaults occurred when Mr. Johnson was intoxicated, and Mr. Johnson acknowledged that he was unable to control himself around the victim when he was intoxicated. Despite prior attempts through rehabilitation programming, Mr. Johnson continued to relapse.

{¶11} Additionally, the PSI report lists Mr. Johnson's fairly extensive criminal history and also includes a competency evaluation by a psychologist which details Mr. Johnson's history of mental illness. The psychologist who evaluated Mr. Johnson diagnosed him with pedophilia, polysubstance dependence, a mood disorder, and a personality disorder not otherwise specified with borderline traits.

{¶12} Mr. Johnson's main argument seems to be that the trial court failed to consider Mr. Johnson's long standing mental health problems and drug history in mitigation. *See* R.C. 2929.12(C)(4) ("There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."). The trial court was presented with a

substantial amount of information about Mr. Johnson's long history of mental illness and drug use. Some of that information indicated that at least a portion of Mr. Johnson's mental health issues were related to his substance abuse. Moreover, there was information in the record indicating that, while Mr. Johnson had received treatment for his substance abuse problems on multiple occasions, he nevertheless continued to use drugs, including during treatment. There is nothing in the record which would indicate that the trial court failed to take Mr. Johnson's history of mental illness and substance abuse into account when fashioning a sentence. The trial court could have reasonably concluded, upon taking all the factors into account and weighing them and in considering the principles and purposes of sentencing, that a maximum sentence was warranted. In light of the record before this Court, we cannot say the trial court abused its discretion in imposing the maximum sentences for the charges at issue.

{¶13} Mr. Johnson also challenges the imposition of consecutive sentences. However, in light of our remand for resentencing on Mr. Johnson's rape conviction, we conclude that any argument concerning consecutive sentences is not ripe for review. Mr. Johnson's assignment of error is sustained in part and overruled in part.

III.

{¶14} In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas to the extent it imposed an 11-year sentence for Mr. Johnson's rape conviction and remand for resentencing on this charge. Mr. Johnson's remaining arguments are overruled.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT


MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

RODNEY A. BACA, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.