**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
***State v. Limoli,* Slip Opinion No. 2014-Ohio-3072.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3072

THE STATE OF OHIO, APPELLANT, *v.* LIMOLI, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Limoli,* Slip Opinion No. 2014-Ohio-3072.]**

*Criminal law—2011 Am.Sub.H.B. No. 86—R.C. 1.58(B)—Defendants who were convicted of the possession of crack cocaine prior to September 30, 2011, but were not sentenced until after that date must be sentenced under the provisions of 2011 Am.Sub.H.B. No. 86.*

(No. 2013-0403—Submitted December 11, 2013—Decided July 16, 2014.)

APPEAL from the Court of Appeals for Franklin County,

No. 11AP-924, 2012-Ohio-4502.

_____

SYLLABUS OF THE COURT

Defendants who were convicted of the possession of crack cocaine prior to September 30, 2011, but were not sentenced until after that date must be sentenced under the provisions of 2011 Am.Sub.H.B. No. 86.

_____

**O'NEILL, J.**

{¶ 1}  This case examines the effect of 2011 Am.Sub.H.B. No. 86 ("H.B. 86"), effective September 30, 2011, on a defendant who was convicted of possession of crack cocaine prior to its effective date but who was not sentenced until after its effective date.  This case differs from the recent case of *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, in that here we consider the elimination by H.B. 86 of any reference to possession of crack cocaine, while in *Taylor*, we considered the reduction by H.B. 86 of the penalty to be imposed for theft of an amount less than $1,000.  Former R.C. 2925.11(C)(4)(c), 2008 Sub.H.B. No. 195, specifically criminalized the possession of crack cocaine prior to the enactment of H.B. 86.  Now, as the state correctly points out, the statute does not specifically refer to crack cocaine.

{¶ 2}  However, this does not mean that possession of crack cocaine is no longer illegal in Ohio.  Following the amendment of R.C. 2925.11 by H.B. 86, possession of cocaine is still a crime.  And according to R.C. 2925.01(X), "cocaine" is defined as a "cocaine salt, isomer, or derivative * * * or the base form of cocaine," which includes crack cocaine.  Hence, the offense has not changed.  Crack cocaine is not a different substance than cocaine; it is simply a different form of the same substance.

{¶ 3}  In practice, the enactment of H.B. 86 has decreased the penalties for possession of crack cocaine.  This is consistent with the reduction in penalties for other crimes that was addressed by the legislature in this legislation.  In fact, one of the purposes of H.B. 86 was to "eliminate the difference in criminal penalties for crack cocaine and powder cocaine."  Title, H.B. 86.  Prior to H.B. 86, possession of more than five grams but less than 10 grams of crack cocaine was a third-degree felony that resulted in mandatory prison time.  Former R.C. 2925.11(C)(4)(c).  Subsequent to the enactment of H.B. 86, possession of the same amount of cocaine is now a fourth-degree felony, which allows a court to

2

sentence a defendant to community-control sanctions rather than to mandatory prison time. *See* R.C. 2929.13(B)(1).

{¶ 4} We conclude that appellee, Amber Limoli, is entitled to the benefit of the reduction in sentence, pursuant to H.B. 86, even though the legislation did not become effective until after she had entered her plea.

**Facts and Procedural History**

{¶ 5} Appellee, Amber Limoli, was stopped for jaywalking by Officer Brandon Harmon of the Columbus, Ohio, Police Department on July 16, 2010. Officer Harmon summoned a female officer, April Redick, to perform a search because he suspected that Limoli was carrying illegal drugs. During the search, a rock of crack cocaine fell from beneath Limoli's shirt. It was later determined that the rock consisted of approximately nine grams of cocaine base.

{¶ 6} On November 16, 2010, Limoli was indicted by the Franklin County Grand Jury on one count of possession of cocaine in violation of R.C. 2925.11. She was charged with knowingly possessing crack cocaine in an amount equal to or exceeding five grams but less than ten grams. After a motion to suppress was denied, Limoli entered a plea of no contest to a violation of R.C. 2925.11, a third-degree felony, on August 18, 2011. A sentencing hearing was conducted on October 14, 2011, two weeks after H.B. 86's effective date, and Limoli was sentenced to one year in prison in accordance with the sentencing law that was in existence at the time she had entered her plea.

{¶ 7} On appeal, the Tenth District Court of Appeals reversed the decision of the trial court. The court of appeals remanded with instructions for the trial court to make additional findings regarding the voluntariness of Limoli's consent to the search and, if the trial court found that consent had been voluntarily given, to sentence Limoli pursuant to amended R.C. 2925.11. The state now seeks review of the sentencing determination.

**Analysis**

**{¶ 8}** Prior to the enactment of H.B. 86, possession of crack cocaine in an amount between five and ten grams was a third-degree felony that required imposition of a mandatory prison term. Former R.C. 2925.11(C)(4)(c). The trial court in this case held that since Limoli entered her plea of no contest while the former version of the crack-cocaine law was in effect, she had committed a third-degree felony and, accordingly, a mandatory prison term was required. The Tenth District Court of Appeals took the opposite position, holding that Limoli was entitled to the benefit of a decreased sentence because of the amendment in H.B. 86.

**{¶ 9}** After its amendment by H.B. 86, R.C. 2925.11(C) provides:

Whoever violates division (A) of this section is guilty of one of the following:

* * *

(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

(b) If the amount of the drug involved equals or exceeds five grams but is less than ten grams of cocaine, possession of cocaine is a felony of the fourth degree, and division (B) of section

2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

**{¶ 10}** The goal of the General Assembly in enacting H.B. 86 was "to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison." *Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, at ¶ 17, citing Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011). Prior to the passage of H.B. 86, sentences for possession of crack cocaine greatly exceeded sentences for possession of an equal amount of powder cocaine. To reduce or eliminate this disparity, the legislature amended the penalties for illegal possession of cocaine.

**{¶ 11}** The offense of possessing more than five grams but less than ten grams of cocaine is now a fourth-degree felony, while the offense of possessing the same amount of crack cocaine was a third-degree felony. R.C. 1.58(B) provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." The state contends that this statute does not benefit Limoli, because it applies only when the penalty for the offense is reduced, not when the offense itself changes, as has now occurred with the elimination of the specific mention of crack cocaine. However, under the logic employed by the state, it would no longer be a crime to possess crack cocaine. We disagree. Crack cocaine is simply another form of cocaine. *See* R.C. 2925.01(X). To conclude otherwise would be absurd. Crack cocaine still exists, and under R.C. 2925.11(C)(4)(c), it is still illegal to possess it. There is no reason to believe that the legislature intended to legalize its possession.

{¶ 12} Section 3 of H.B. 86 provides clear guidance to the courts that it was the intent of the legislature that a defendant such as Limoli would receive the benefit of the reduced penalties set forth in the law:

> The amendments to sections 2925.0l * * * and 2925.11 of the Revised Code * * * that are made in this act apply to a person who commits an offense involving marihuana, cocaine, or hashish on or after the effective date of this act and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

> The provisions of sections 2925.01 * * * and 2925.11 of the Revised Code * * * in existence prior to the effective date of this act shall apply to a person upon whom a court imposed sentence prior to the effective date of this act for an offense involving marihuana, cocaine, or hashish. The amendments to sections 2925.01 * * * and 2925.11 of the Revised Code * * * that are made in this act do not apply to a person upon whom a court imposed sentence prior to the effective date of this act for an offense involving marihuana, cocaine, or hashish.

{¶ 13} The United States Supreme Court has emphasized that legislative intent determines whether a defendant is entitled to the benefit of legislation that reduces the penalties for a crime after the crime has been committed but prior to sentencing. *Dorsey v. United States*, 567 U.S. ___, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012). This court has also stated that the General Assembly's expression of its intent must control. *State v. Rush*, 83 Ohio St.3d 53, 57, 697 N.E.2d 634 (1998). As this court stated in *Taylor,* 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, at ¶ 12, "[t]he General Assembly is vested with the

power to define, classify, and prescribe punishment for offenses committed in Ohio." That power is not to be usurped by the judiciary.

**Conclusion**

**{¶ 14}** Based upon the foregoing analysis, we hold that defendants who were convicted of possession of crack cocaine prior to September 30, 2011, but were not sentenced until after that date, must be sentenced under the provisions of H.B. 86. Because Limoli was convicted of possessing between five and ten grams of crack cocaine, she must be sentenced for a fourth-degree felony. The judgment of the court of appeals is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion, and the opinion of the Tenth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and KENNEDY, JJ., concur.

FRENCH, J., concurs in judgment only.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellant.

Dennis C. Belli, for appellee.

Joseph T. Deters, Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.

Timothy Young, Ohio Public Defender, and E. Kelly Mihocik, Assistant Public Defender, urging affirmance for amicus curiae, Office of the Ohio Public Defender.

_____