[Cite as *State v. Steele*, 2014-Ohio-5431.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101139 and 101140**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CHARLES M. STEELE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
AND VACATED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-572269-A and CR-13-575214-A

**BEFORE:** E.A. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 11, 2014

**FOR APPELLANT**

Charles M. Steele, pro se
Inmate No. 306-310
P.O. Box 5500
Chillicothe Correctional Institution
Chillicothe, Ohio 45601


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Mary Weston
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1} Charles Steele appeals his conviction and sentence entered in the Cuyahoga County Common Pleas Court. Steel argues that the state of Ohio failed to prosecute within the statute of limitations period for the crimes charged, that his trial counsel rendered ineffective assistance, that the trial court violated his right to a speedy trial, that the trial court erred by allowing the state to amend the indictment, by denying him the opportunity to confront a witness against him and in denying him the effective assistance of counsel. We find no merit to Steele's arguments; however, we reverse in part because the court erred in sentencing Steele to an indefinite sentence.

{¶2} During a one- year period between March 5, 1993 and March 6, 1994, Steele attacked and raped four women on Cleveland's east side. Steele perpetrated each attack in a similar manner. At the time of each attack, the woman was walking alone when Steele approached, threatened her life, and removed her to a different location where he vaginally raped each woman. The women reported the attacks and underwent rape-kit examinations where DNA was collected. The Ohio Bureau of Criminal Identification and Investigation tested each kit and determined that the DNA profiles were consistent with Steele. In particular, a DNA analyst testified that Steele could not be excluded as a source of the semen on the vaginal swabs and that "the expected frequency of occurrence of the DNA profile from the sperm fraction of the vaginal swabs  * * * is 1 in 1,039,000,000,000,000,000 unrelated individuals."

{¶3} On March 6, 2013, the Cuyahoga County Grand Jury indicted Steele with one count of rape and one count of kidnapping with one- and three-year firearm specifications, Case No. CR-13-572269-A. The date of offense alleged in the indictment was March 5, 1993 and the victim was identified as W.H. This case was later dismissed and re-indicted as

CR-13-575214-A, in which Steele was charged with the additional rapes and kidnappings of Jane Doe #2, (date of offense September 15, 1993), Jane Doe #3 (date of offense November 15, 1993) and Jane Doe #4 (date of offense March 6, 1994). Each charge contained one- and three-year firearm specifications.

{¶4} During his arraignment, the trial court assigned counsel to Steele. Almost immediately, Steele expressed a desire to represent himself. Specifically, on June 16, 2013, Steele filed a pro se motion requesting to represent himself and to have access to the law library. Steele filed additional pro se motions during the discovery process, including a "demand for discharge of the defendant pursuant to Ohio Revised Code 2945.73(B)." In that motion, Steele argued that the statute of limitations for rape and kidnapping had run for counts one and two of the indictment (the offenses against victim W.H. that took place on March 5, 1993).

{¶5} On January 22, 2014, Steele executed a written waiver of his right to counsel and elected to proceed to trial pro se. The trial court ordered assigned counsel to remain as advisory/stand-by counsel to Steele.

{¶6} On February 6, 2014, the trial court heard Steele's arguments on his pretrial motions, including his motion to dismiss based on the statute of limitations. The state argued in response that the statute of limitations had not expired because the time was tolled for several months after the crime, but before Steele was indicted. After hearing the evidence presented by the state, the trial court determined that the statute of limitations had not run and overruled Steele's motion to dismiss.

{¶7} Prior to trial, the state moved to amend count three to reflect "vaginal intercourse" rather than "anal intercourse" to conform to the anticipated evidence and the medical records of victim Jane Doe #2, who had died prior to the time the case was brought to trial. Steele did not

object and the trial court allowed the amendment.

{¶8} The case proceeded to a jury trial during which the state moved to amend the firearm specifications in counts one, two, three, four, seven and eight to delete the one-year firearm specifications entirely and to delete some of the language in the three-year firearm specifications to conform with the language at the time of the commission of the offenses. The court allowed the amendment and the state presented the testimony of three of the victims, DNA analysts, police officers and medical personnel. The jury found Steele guilty of all counts and firearm specifications.

{¶9} During the sentencing hearing, the court merged counts three (rape) and four (kidnapping) and the state elected to proceed to sentencing on count three. The trial court sentenced Steele to 8 to 25 years on each of counts one through three, and counts five through eight to run consecutive to the three years on all firearm specifications for a cumulative prison sentence of "up to 175 years but not less than 65 years with the firearm specifications." The trial court classified Steele as a sexual predator and advised him on the requirements and the penalties for failure to register and/or verify Steele's address. Steele now appeals the trial court's decision.

{¶10} In his first assigned error, Steele argues that under R.C. 2901.13, the statute of limitations for rape and kidnapping had run for counts one and two. We disagree.

{¶11} At the time of Steele's crimes in counts one and two, the statute of limitations for sexually based felonies was six years, R.C. 2901.13(A), 1972 H 511, eff. 1-1-74. Effective March 9, 1999, the statute of limitations was expanded to 20 years. *See* R.C. 2901.13(A)(3). Although the legislature imposed time restrictions on felony prosecutions, those time restraints are not absolute. R.C. 2901.13(G) provides that "[t]he period of limitation shall not run during

any time when the accused purposely avoids prosecution."

{¶12} The crimes alleged in counts one and two of the indictment occurred on March 5, 1993. The grand jury returned an indictment charging Steele for these crimes on March 6, 2013 in CR-13-572269-A. He was re-indicted for those charges, along with charges for three additional rapes and kidnappings on June 11, 2013 in CR-13-575214-A. The state proceeded to trial in CR-13-575214-A and dismissed CR-13-572269-A.

{¶13} The statute of limitations began to run on March 5, 1993 but was tolled on September 29, 1994, the date that Cuyahoga County issued a capias for Steele's arrest. During that time, the statute ran for 18 months and 24 days. Steele remained a fugitive from justice until he was apprehended in Hamilton County on October 21, 1994, at which point, the statute began to run again. On March 9, 1999, the statute of limitations on the March 5, 1993 rape changed from six to 20 years. At that point, the six year statute of limitations period had not yet run on the March 5, 1993 rape because of the 22-day toll during which time Steele was a fugitive from justice in 1994. Thus, the 6-year statute of limitations no longer applied to Steele, the 20-year statute of limitations did.

{¶14} The Cuyahoga County Grand Jury indicted Steele for the rape of W.H. on March 6, 2013, which is 20 years and 1 day. However, with the 22-day toll noted above, the state brought the charges against Steele within the 20-year statute of limitations.

{¶15} Steele's first assigned error is overruled.

{¶16} In Steele's second assignment of error, he argues that the trial court violated his statutory right to a speedy trial. We disagree.

{¶17} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a

speedy trial by the state.   *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987).   In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court declared that, with regard to fixing a time frame for speedy trials, "[t]he states * * * are free to prescribe a reasonable period consistent with constitutional standards * * * ."   To that end, the Ohio General Assembly enacted R.C. 2945.71.

{¶18} Pursuant to R.C. 2945.71, a person against whom a felony charge is pending shall be brought to trial within 270 days after their arrest.   For purposes of computing this time, each day during which the accused is held in jail in lieu of bail shall be counted as three days.   *Id*. Once the defendant has established that the statutory time limit has expired, they have made their prima facie case for dismissal.   *State v. Howard*, 79 Ohio App.3d 705, 607 N.E.2d 1121 (8th Dist.1992).   The burden then shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72.   *State v. Geraldo*, 13 Ohio App.3d 27, 468 N.E.2d 328 (6th Dist.1983).

{¶19} This case is unique in that it spans several decades.   However, speedy trial rights cannot be invoked until after an arrest, indictment or other official accusation has occurred. *State v. Ennist*, 8th Dist. Cuyahoga No. 90076, 2008-Ohio-5100.   In the present case, although the crime occurred on March 5, 1993, Steele's right to a speedy trial was not triggered until the grand jury returned an indictment on March 6, 2013.   From that time, the state had 270 days within which to bring Steele to trial.   Normally, as Steele was held in custody during the pendency of his case, each day would count as three days pursuant to the triple-count provisions of R.C. 2945.71.   However, the triple-count provision does not apply to Steele because   he was concurrently serving a prison sentence on rape convictions from Hamilton County.   *See State v. Thieshen*, 55 Ohio App.2d 99, 379 N.E.2d 622 (3d Dist.1977).

**{¶20}** In the present case, Steele has established a prima facie case for dismissal on speedy trial grounds. The clock began to run on Steele's speedy trial time on March 7, 2013 and the state brought him to trial on February 3, 2014, well over the 270- day limit provided in R.C. 2945.71.

**{¶21}** The state must now demonstrate acceptable extensions in accordance with R.C. 2945.72 in order for speedy trial time to be properly tolled. A review of the record indicates that sufficient time was tolled in accordance with R.C. 2945.72(H), which reads as follows:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following * * * [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * * .

**{¶22}** As stated above, the clock for Steele's speedy trial began to run on March 7, 2013. Steele however, tolled the clock for his speedy trial time by filing several motions and requests for continuance from April 1, 2013, through January 7, 2014. The record reveals that after the tolling motions, Steele was tried one hundred and seven days after his indictment. Thus, after reviewing the entire record and calculating the time that elapsed between appellant's arrest and his trial, we find that he was brought to trial within the speedy trial statutory time frame.

**{¶23}** Steele's second assigned error is overruled.

**{¶24}** In his third assignment of error, Steele argues that trial counsel was ineffective in allowing him "to face multiple charges/counts to an indictment that where highly prejudicial cumulatively * * * because counsel failed to request severance of the charges/counts." We find no merit this assigned error.

**{¶25}** Steele's third assignment of error must fail because he elected to represent himself pro se. Steele represented himself at trial and made no motion for severance in the trial court at

any time. Further, he failed to object to the charges during trial. Because Steele represented himself during his trial, he is now precluded from arguing ineffective assistance of counsel. *State v. Henderson*, 8th Dist. Cuyahoga No. 95655, 2013-Ohio-2524; *State v. Boone*, 114 Ohio App.3d 275, 683 N.E.2d 67 (7th Dist.1996); and *State v. Jackson*, 8th Dist. Cuyahoga No. 80118, 2002-Ohio-5461. As the United States Supreme Court noted in *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), fn. 46, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Henderson* ¶ 4.

{¶26} Steele's third assigned error is overruled.

{¶27} In his fourth assignment of error, Steele argues that the trial court erred in allowing the state to amend the elements of count three, rape. In particular, Steele finds error with the amendment of the indictment from "anal intercourse" to "vaginal intercourse." We find no error with the trial court's decision.

{¶28} Primarily we note that Steele did not object to the amendment during lower court proceedings. Prior to the start of trial, the state made an oral motion for the amendment. Before ruling on the motion, the court asked Steele whether he had any objection and he stated that he did not. Thus, Steele has waived this issue on appeal.

{¶29} Nonetheless, Crim.R. 7(D) empowers courts to "amend the indictment * * * in respect to any defect, imperfection or omission in form or substance, or any variance with the evidence, provided no change is made in the name or identity of the crime charged."

{¶30} Here, the amendment to count three that specified "vaginal intercourse" instead of "anal intercourse" did not change the nature or the identity of Steele's rape charge. The amendment changed the type of rape to reflect the variance of evidence, which showed vaginal

intercourse instead of anal intercourse. As a result, the amendment was properly made. *See State v. Brown,* 8th Dist. Cuyahoga No. 99024, 2013-Ohio-3134, in which this court found fatal the state's failure to move, pursuant to Crim.R. 7, to amend the indictment to conform to the testimony of the victim and the trial court failed to do so on its own initiative.

{¶31} Steele's fourth assigned error is overruled.

{¶32} In his fifth assigned error, Steele argues that his Sixth Amendment right to confront witnesses was denied when the victim in counts three and four was deceased and therefore did not testify at trial. We disagree.

{¶33} The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." The United States Supreme Court has interpreted this to mean that the admission of an out-of-court statement of a witness who does not appear at trial is prohibited by the Confrontation Clause if the statement is testimonial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington.* 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). To determine whether a statement is testimonial for purposes of the Confrontation Clause, courts should focus on the expectation of the declarant when making the statement. *Crawford.*

{¶34} In *State v. Bowleg*, 8th Dist. Cuyahoga Nos. 100263 and 100264, 2014-Ohio-1433, this court examined a rape victim's statements in medical records and found that they were made for the purpose of medical diagnoses and were both nontestimonial and admissible. In explaining why the victim's statements within medical records were admissible, the *Bowleg* court held:

A victim's statement that she had been raped is relevant for medical diagnosis and

treatment because it directs medical providers to examine the genital areas for physical injury, administer a pregnancy test, and prescribe medications for the prevention of sexually transmitted diseases * * * . A patient's statements concerning how the alleged rape occurred can be relevant to show the general cause of external source thereof insofar as reasonably pertinent to diagnoses or treatment.

**{¶35}** In the present case, the state proved V.H.'s rape through her medical records as well as DNA analysis of the vaginal samples contained within her rape kit. On the night of the attack, V.H. called the police before she went to the hospital. Once there, V.H. reported to medical personnel that she had been vaginally raped. It is reasonable to assume that V.H. reported to the hospital to receive treatment for the assault and her statement to medical personnel concerning the rape are in furtherance of this treatment. Based on the *Bowleg* analysis, V.H.'s statements at the hospital are nontestimonial and are admissible under Evid.R. 803(4).

**{¶36}** Steele's fifth assignment is overruled.

**{¶37}** In his sixth and final assignment of error, Steele argues that he was denied effective assistance of counsel when "both counsel did everything within their power to assist the state in gaining convictions against the defendant." We find no merit to this assigned error.

**{¶38}** As stated earlier, Steele elected to represent himself pro se with the assistance of counsel. The law precludes pro se litigants from complaining about the quality of their own defense, which results in the denial of effective assistance of counsel. *State v. Henderson*, 8th Dist. Cuyahoga No. 95655, 2013-Ohio-2524. Steele elected to represent himself during trial. He cannot now complain about the effectiveness of his own decisions during that trial. Accordingly, Steele's sixth and final assigned error is overruled.

**{¶39}** Although not raised by Steele either at his sentencing hearing or here on appeal, we

find error with the trial court's imposition of an indefinite sentence.

{¶40} In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the Ohio Supreme Court held that "sentences that do not comport with mandatory provisions are subject to total resentencing." *Id*. at ¶ 20, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 11. Unauthorized sentences are illegal and void ab initio. *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). Therefore, we need not find plain error to vacate an illegal sentence.

{¶41} Section 5 of S.B. 2 states:

> The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of Section 1.58 of the Revised Code, to a person upon whom a court on or after that date an in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.

{¶42} Thus, in S.B. 2 the General Assembly specifically declared that all defendants who committed crimes on or before July 1, 1996 had to be sentenced under the law in existence at the time of the offense, "notwithstanding division (b) of section 1.58 of the Revised Code." Section 3, Am.Sub. S.B. No. 269, 146 Ohio Laws, Part IV, 11099, amending Section 5 of S.B.2. *See State v. Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634 (1998).

{¶43} However, H.B. 86 does not include this exclusionary language. In fact, in Sections 3 and 4 of the act, the General Assembly expressly provides that certain specified offenses and certain sentencing provisions are subject to H.B. 86 sentencing amendments even though the subject offenses were committed prior to its effective date. As relevant here, Section 4 states, in relevant part:

> **SECTION 4.** The amendments to sections * * * 2913.47, * * * division (B) of section 2929.13, and division (A) of section 2929.14 of the Revised Code that are

made in this act apply to a person who commits an offense specified ***or penalized*** under those sections on or after the effective date of this section ***and*** to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

**{¶44}** Division (A) of R.C. 2929.14, which governs prison terms, states in

relevant part:

[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:

(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years.

**{¶45}** Steele was convicted of four counts of rape in violation of R.C. 2907.02(A)(2) and four counts of kidnapping in violation of R.C. 2905.01(A)(4). All are first-degree felonies. Pursuant to R.C. 2929.14(A), as amended by H.B. 86, the trial court was required to impose a definite prison term that "shall be three, four, five, six, seven, eight, nine, ten, or eleven years." Section 4 of H.B. 86 specifically states that the basic prison terms outlined in R.C. 2929.14(A), as amended by the act, apply to a person who is penalized under that section.

**{¶46}** In contrast to Section 5 of S.B. 2 that expressly excluded application of R.C. 1.58(B) from its provisions, Section 4 of H.B. 86 states that the amendments made in the act apply not only to specific offenses listed therein, or to penalties imposed under specific sentencing provisions, but also to "a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." R.C. 1.58 states:

If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

**{¶47}** These provisions are consistent with the General Assembly's legislature's intent in enacting H.B. 86. In *State v. Limoli*, 140 Ohio St.3d 188, 2014-Ohio-3072, 16 N.E.3d 641, the Ohio Supreme Court examined the effect of H.B. 86 on a defendant who was convicted of an offense specified in Section 3 of H.B. 86 prior to its effective date but was not sentenced until after its effective date. The court concluded that because Section 3 of H.B. 86, which is very similar to Section 4, specifically identified the code section for that particular offense and stated that R.C. 1.58(B) makes the amendments to that code section applicable, courts must sentence individuals who committed that offense prior to H.B. 86's effective date under H.B. 86 sentencing provisions. Regarding the legislature's intent, the Supreme Court explained:

> The goal of the General Assembly in enacting H.B. 86 was "to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison." [*State v.*] *Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, at ¶ 17, citing Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011).

**{¶48}** As stated by this Court in *State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137,

> Although neither Section 3 nor Section 4 specify rape and kidnapping as offenses covered by H.B. 86, Section 4 states that H.B. 86 amendments apply to defendants penalized under R.C. 2929.14(A). Moreover, H.B. 86 expressly states that where its sentencing provisions provide a more lenient sentence than previous sentencing statutes, then R.C. 1.58(B) makes the H.B. 86 amendments applicable.

**{¶49}** Steele committed the rape and kidnapping offenses in 1993. He was charged with these offenses, which are all first-degree felonies in 2013. As previously stated, R.C. 2929.14(A)(1), as amended by H.B. 86, states that the basic prison term for a first-degree felony

"shall be three, four, five, six, seven, eight, nine, ten, or eleven years." Yet, the trial court sentenced Steele to an indefinite term of 8 to 25 years on each count, pursuant to the sentencing provisions in effect in 1993 when the offenses were committed. The maximum prison term Steele could receive for rape under R.C. 2929.14(A)(1) as amended by H.B. 86 is only 11 years, whereas the maximum the trial court imposed under pre-S.B. 2 sentencing laws was 25 years. Section 4 provides that Steele is entitled to the more lenient sentencing provisions of H.B. 86 by virtue of R.C. 1.58(B). Therefore, the indefinite prison sentence was not authorized by law and violated Section 4 of H.B. 86.

{¶50} Steele's indefinite sentence must be vacated.

{¶51} The judgment of the trial court is affirmed in part, reversed and vacated in part and remanded for resentencing.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA A. BLACKMON, J., CONCUR