[Cite as *State v. Jackson*, 2015-Ohio-4490.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102271**

---

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**WALTER JACKSON**

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585519-A

**BEFORE:** Laster Mays, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 29, 2015

-i-

**ATTORNEYS FOR APPELLANT**

Timothy McGinty
Cuyahoga County Prosecutor

By:    Daniel T. Van
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067

ANITA LASTER MAYS, J.:

{¶1} On October 29, 2014, Walter Jackson ("Jackson") was found guilty of three counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first  degree, two counts of kidnapping in violation of R.C. 2905.01(A)(5), felonies of the first degree; and one count of aggravated burglary in violation of R.C. 2911.11(A)(5).[1]  The trial court concluded Count 3 merged with Counts 1 and 2 and found that Counts 4, 5, and 6 were allied offenses of similar import.  The court sentenced Jackson to serve 10 years on Counts 1 and 2 to be served concurrent to each other.  In addition, the court ordered the 10-year sentence to run consecutively to the 10-year sentence imposed on Count 4.  In total, Jackson was ordered to serve a 20-year prison term.  Although Counts 1 and 2 were rape offenses that occurred prior to July 1, 1996, the trial court ordered Jackson to serve definite sentences in accordance with House Bill 86.  On appeal, the state challenges Jackson's sentence and argues that he should have been sentenced in accordance with the law in effect prior to July 1, 1996.

{¶2} After review of the record, we agree with the trial court and affirm.  The state assigns one error for our review.

    I.     The trial court erred when it sentenced Jackson under sentencing provision effective July 1, 1996 and H.B. 86 provisions effective September 30, 2011.

**I.    Facts and Procedural Posture**

{¶3} Jackson's sexual encounter with M.C. occurred on June 5, 1996, and M.P. on July 16, 1996.  On June 5, 1996, M.C. visited a friend's house in Ohio City.  Another friend was supposed to pick her up and never showed.  M.C. decided that she would walk home.  During her walk, Jackson pulled up in his car and offered M.C. a ride home.  M.C. agreed.  Instead of

---

[1]Jackson was indicted on Count 1 of rape, Count 2 of rape, Count 3 of kidnapping, Count 4 of rape, Count 5 of aggravated burglary, and Count 6 of kidnapping.

taking M.C. home, Jackson, after much protest from M.C., diverted his vehicle to a dead-end street. Once parked, he brandished a knife and threatened to kill M.C. if she did not perform oral sex on him. M.C. complied because she was afraid for her life, and she observed a gun in the car. Jackson also climbed on top of M.C. and forced her to have vaginal intercourse with him. A biker, who was passing by, rode next to the car and asked if everything was okay. Jackson yelled at the man, and the biker drove away. He then continued to rape M.C. During the attack, M.C. paid close attention to what Jackson looked like because she wanted to ensure that she give an accurate description to the police. After Jackson raped M.C., he drove to another street and kicked her out of the car. As Jackson drove away, M.C. memorized his license plate and contacted the police. She gave a physical description of Jackson and his license plate number to the police.

{¶4} Detective Diaz, of the Cleveland Police Department, was on duty that night and took the call from the dispatcher about M.C.'s rape. After hearing the description of Jackson and the vehicle, he observed the vehicle and stopped it within minutes of hearing the dispatcher. Diaz ordered the male occupant out of the vehicle and identified him as Jackson. M.C. was transported to the scene and identified Jackson as her rapist. M.C. was then taken to the hospital where a rape kit was conducted. Evidence from the rape kit and Jackson's vehicle was taken and delivered to a Cleveland Police Department property room. After the detective presented the evidence to the prosecutor, charges were not pursued. Jackson was released and his property, including the knife, was returned.

{¶5} On July 16, 1996, less than six weeks after committing rape against M.C., Jackson raped M.P. M.P. was living on a houseboat when on the night of July 16, 1996, she awoke and discovered that someone was having vaginal intercourse with her as she slept. She realized that

she did not know who the person was and saw that he had a knife. At that point, she began screaming for the man to get off of her. After he raped her, he cut her on the arm with the knife. M.P. observed the physical characteristics of the man because there was an outside light shining on the houseboat as he left. M.P. immediately ran to a pay phone and called the police. Because she was too afraid to return to the houseboat, she walked to her niece's house, a short distance away, and the ambulance arrived there and transported her to the hospital. At the hospital, a rape kit was conducted on M.P. and the evidence was given to the Cleveland Police Department.

{¶6} At the time of these rapes, DNA analysis was not performed, so the police department stored the evidence. Since that time, DNA analysis has been completed to run comparison with outstanding cases. The purpose is to test evidence from rape kits and match the DNA results with potential rapists. After testing the DNA from M.C.'s and M.P.'s rape kits, it was realized that the DNA belonged to the same individual, Jackson.

{¶7} Jackson was then charged with rape, kidnapping, and aggravated burglary. He was sentenced to a 20-year prison term. The state argues that Jackson should have been sentenced in accordance with laws in effect prior to July 1, 1996, for Counts 1 and 2 of rape because they occurred on June 5, 1996, prior to July 1, 1996. The trial court disagreed. As a result, the state filed this timely appeal.

### A. Standard of Review

{¶8} This court acknowledged in *State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, ¶ 30, that in S.B. 2, the General Assembly specifically declared that all defendants who committed crimes on or before July 1, 1996, had to be sentenced under the law in existence at the time of the offense, "notwithstanding division (B) of Section 1.58 of the Revised Code." Am.Sub.S.B. No. 269, Section 3, 146 Ohio Laws, Part IV, 11099, amending Section 5 of S.B. 2.

However, H.B. 86 does not include this exclusionary language. In fact, in Sections 3 and 4 of the act, the General Assembly expressly provides that certain specified offenses and certain sentencing provisions are subject to H.B. 86 sentencing amendments even though the subject offenses were committed prior to its effective date. *Id.* at 31.

## II. Law and Analysis

{¶9} In this case, the court decided that the offense of rape was subject to H.B. 86 sentencing amendments. Division (A) of R.C. 2929.14, which governs basic prison terms, states in relevant part:

> If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following: (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years.

Jackson was convicted of rape in violation of R.C. 2907.02(A)(2) which is a first-degree felony. Pursuant to R.C. 2929.14(A), as amended by H.B. 86, the trial court was required to impose a definite prison term of "three, four, five, six, seven, eight, nine, ten, or eleven years," for first-degree felonies. Section 4 of H.B. 86 specifically states that the basic prison terms outlined in R.C. 2929.14(A), as amended by the act, apply to a person who is penalized under that section. According to *Jackson*:

> In contrast to Section 5 of S.B. 2, which excluded application of R.C. 1.58(B) from its provisions, Section 4 of H.B. 86 expressly states H.B. 86 amendments apply "'to a person to whom division (B) of Section 1.58 of the Revised Code makes the amendments applicable.'" R.C. 1.58(B) states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

*Id.* at ¶ 34.

**{¶10}** These provisions are consistent with the legislative intent behind H.B. 86. In *State v. Limoli*, 140 Ohio St.3d 188, 2014-Ohio-3072, 16 N.E.3d 641, the Ohio Supreme Court examined the effect of H.B. 86 on a defendant who was convicted of an offense specified in Section 3 of H.B. 86 prior to its effective date but was not sentenced until after its effective date. The specified offense was possession of crack cocaine in violation of R.C. 2925.11. *Jackson* at ¶ 35.

**{¶11}** The court noted that Section 3 of H.B. 86, which is very similar to Section 4, specifically identified R.C. 2925.11 and stated that R.C. 1.58(B) makes the amendments to that code section applicable. Therefore, the *Limoli* court concluded that individuals who possessed crack cocaine in violation of R.C. 2925.11 prior to H.B. 86's effective date, but are penalized after its effective date, must be sentenced under the H.B. 86 amendments. Regarding the legislature's intent, the Supreme Court explained:

> The goal of the General Assembly in enacting H.B. 86 was "to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison." [*State v.*] *Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 17, citing Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86 at 3 (Sept. 30, 2011).

*Limoli* at ¶ 10.

> Although neither Section 3 nor Section 4 specify rape and kidnapping as offenses covered by H.B. 86, Section 4 states that H.B. 86 amendments apply to defendants penalized under R.C. 2929.14(A). Moreover, H.B. 86 expressly states that where its sentencing provisions provide a more lenient sentence than previous sentencing statutes, then R.C. 1.58(B) makes the H.B. 86 amendments applicable. *See* Sections 3 and 4 of H.B. 86.

*Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, ¶ 36.

**{¶12}** Jackson committed rape prior to July 1, 1996. He was charged with two counts of rape on May 15, 2014, found guilty on October 29, 2014, and sentenced on November 26, 2014. As previously stated, R.C. 2929.14(A)(1), as amended by H.B. 86, states that the basic prison term

for a first-degree felony "shall be three, four, five, six, seven, eight, nine, ten, or eleven years." So under this statute, the maximum amount of time Jackson could be sentenced is 11 years. The trial court, consistent with previous opinions of this court, sentenced him to 10 years on both counts to be served concurrent with each other.

{¶13} In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the Ohio Supreme Court held that "sentences that do not comport with mandatory provisions are subject to total resentencing." *Id.* at ¶ 20, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 11. Unauthorized sentences are illegal and void ab initio. *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984). However, this sentence does comport with the mandatory provisions.

{¶14} Therefore the trial court's decision is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rule of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR