[Cite as *State v. Crawford*, 2018-Ohio-1188.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105738

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN CRAWFORD

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596358-A

**BEFORE:** Jones, J., McCormack, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 29, 2018

**ATTORNEY FOR APPELLANT**

Myriam A. Miranda
P.O. Box 40222
Bay Village, Ohio 44140


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:   Mary Weston
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant John Crawford ("Crawford") appeals his conviction and sentence for sexual battery, rape, and unlawful sexual conduct with a minor. Finding no merit to the appeal, we affirm.

{¶2} In 2015, Crawford was charged in a 18-count indictment with multiple counts of rape, kidnapping, complicity to commit rape, and unlawful sexual conduct with a minor. The matter proceeded through a long and arduous pretrial process related to Crawford's desire to switch attorneys. Crawford finally agreed to plead guilty to one count of sexual battery, with the named victim J.G.; one count of rape, with the named victim L.R.; and one count of unlawful sexual conduct with a minor, with the named victim S.T. As part of the plea agreement, Crawford agreed to be classified as a sexual predator for purposes of his sex offender registration duties under Megan's Law, and was advised that upon his release from prison he will have to register as a sex offender every 90 days for the rest of his life. Crawford also agreed that he would not be eligible for judicial or any other type of early release.

{¶3} During the plea hearing, the state explained that Crawford's convictions for sexual battery and unlawful sexual conduct with a minor were subject to the sexual offender registration requirements under Megan's Law because the crimes occurred before January 1, 2008. The state further explained that his conviction for rape was subject to the registration requirements under the Adam Walsh Act because the crime occurred after January 1, 2008.

{¶4} The trial court engaged in a colloquy with Crawford and informed him of his constitutional rights, the nature of the charged offenses, and the consequences of the plea agreement, including the maximum possible penalties. The trial court advised Crawford of: (a) the right to counsel; (b) the right to a trial by jury; (c) the right to confront witnesses; (d) the right to compulsory process via the subpoena power; (e) the right to have the state prove the case beyond a reasonable doubt; and (f) the right not to testify against himself.

{¶5} When asked, Crawford informed the court that he understood his rights and the penalties that he was facing, he could read and write, and he was not under the influence of any drugs, medication, or alcohol. He further stated he had not been promised anything, threatened, or coerced in connection with the plea, and was satisfied with the representation of his attorney.

{¶6} At the sentencing hearing, the trial court reviewed the state's sentencing memorandum, which requested the maximum possible penalty and informed the parties that the maximum possible penalty was 17½ years incarceration, not 18½ years as had been indicated at the time of the plea.

{¶7} J.G. was present in court at the time of the sentencing. The state told the court that J.G. had been diagnosed with post-traumatic stress disorder as a result of the assault, suffered from nightmares and had trouble sleeping, and still needed counseling more than ten years after the assault occurred in 2004. The state read into the record J.G.'s and L.R.'s victim impact statements. J.G. described herself as "broken" and

emotionally damaged. L.R.'s statement noted that she suffered to this day as a result of the assault, had difficulty communicating and having relationships with males, was afraid of the dark, crowds, and cars that looked like Crawford's, and could not talk about the assault with her family or therapist.

{¶8} The court stated that it had considered the record, the presentence investigation report, the statements made at the sentencing hearing, the state's sentencing memorandum, the victim impact statements, and all other information provided to the court.

{¶9} In sentencing Crawford, the trial court stated the following:

My role here today is to punish you for the crimes that you pled to, to protect the public from future crimes.

* * *

The court must and has formulated its decision based upon the overriding principles and purposes of felony sentencing, namely to protect the public from future crime by the defendant and to punish the offender using the minimum sanctions the court determines accomplishes those purposes without imposing an unnecessary burden on state or local government.

To achieve these purposes, the court has considered the need for incapacitation, deterrence and rehabilitation. This court has also considered the seriousness and recidivism factors relevant to the offense and the offender. * * * The court has considered the offender's conduct is more serious than conduct normally constituting the offense, because of the physical and mental injuries suffered by the victim[s] of the offense, due to the conduct of the offender, was exacerbated because of the physical and

mental condition or age of the victims. The victims of the offenses suffered

serious physical, psychological harm as a result of the offense.

\* \* \* You have a lengthy history of committing such crimes and have admittedly stated that you've "wronged a thousand women."  You have a high likelihood to re-offend.

The court must and has insured that the sentence being imposed does not demean the seriousness of the crime and the impact that it has on the victims, and is consistent with other similar offenses committed by like offenders.

\* \* \* The court has determined that a prison sentence is necessary to protect the public and does not demean the seriousness of the offense.

{¶10} The trial court imposed a maximum, consecutive sentence of 17½  years

and made the following findings in support of consecutive sentences:

Your sentences are consecutive because the court finds that your history demonstrates a consecutive sentence is necessary to protect the public. A single term is not sufficient to protect the public from you, and will demean the seriousness of the crime. The harm that you caused is so severe that it has to be punished in this manner.
With regard to the consecutive sentences, the court made that finding and sentenced you to consecutive sentences in order to punish you and your conduct and protect the public from future crime, and a consecutive sentence is not disproportionate to the seriousness of the conduct and the danger imposed by you, and that your history demonstrates that consecutive sentences are necessary to protect the public.

{¶11} Crawford filed a notice of appeal.  In his appeal he raises the following

assignments of error for our review:

I:  The trial court erred when it proceeded on an indictment that was void for vagueness, which did not provide sufficient notice to Appellant in violation of his constitutional and statutory rights.

II:  The trial court erred when it arbitrarily chose to sentence Appellant in count one under the new sentencing provisions while, at the same time,

applying Megan's Law registration requirements.

III: The sentence imposed was not supported by the record and is contrary to law as it violates the ex post facto clauses of the Ohio and U.S. Constitutions.

IV: Appellant's plea was not entered in accordance with Crim. R. 11.

{¶12} In the first assignment of error, Crawford challenges his indictment by arguing that it was void for vagueness because it failed to give him proper notice as to the offenses he was accused of and their consequences. Specifically, Crawford claims that because Count 1 of the indictment, which charged him with the rape of J.G., gave a date range of December 22, 2004, to May 26, 2014, it was too vague for him to know the specific date of his alleged offense.

{¶13} In Ohio, a person accused of a felony is entitled to receive an indictment setting forth the "nature and cause of the accusation pursuant to Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution." *State v. Sellards*, 17 Ohio St.3d 169, 170, 478 N.E.2d 781 (1985).

{¶14} Our review of the indictment shows that the date range of the offenses in the 18-count indictment spans from December 22, 2004, to May 26, 2014. Counts 1 and 2 state that the date of the offenses was "[o]n or about December 22, 2004." Counts 3, 4, 5, 6, and 7 state that the date of the offenses was "[o]n or about April 1, 2005." Counts 9, 10, 11, 17 and 18 state that the date of the offenses was "[o]n or about May 26, 2014."[1]

{¶15} The indictment clearly states that Count 1 was alleged to have occurred on

---

[1] Counts 12 – 16 name another defendant, Yvon Norton.

or about December 22, 2004. Crawford's argument is without merit and the first assignment of error is accordingly overruled.

{¶16} In the second assignment of error, Crawford contends that the trial court erred when it sentenced him under "new sentencing provisions instead of the provisions of S.B. 2" for Count 1. This argument centers around Crawford's contention in the first assignment of error that the date range assigned to Count 1 spanned from December 22, 2004 to May 26, 2014.

{¶17} Effective July 1, 1997, Ohio enacted Megan's Law. Under Megan's Law, an offender who had been sentenced to a prison term for a sexually oriented crime is required to register as a sex offender. *In re Von*, 146 Ohio St.3d 448, 2016-Ohio-3020, 57 N.E.3d 1158, ¶ 14. Effective January 1, 2008, Ohio enacted the Adam Walsh Act, which repealed Megan's Law. *Id.* at ¶ 15. Only offenders who commit their underlying offense(s) on or after the effective date of the Adam Walsh Act can be constitutionally subjected to its requirements. *Id.* at ¶ 17.

{¶18} As we discussed in the first assignment of error, the date Count 1 was alleged to have occurred was on or about December 22, 2004. The trial court classified Crawford under Megan's Law, not the Adam Walsh Act, for that crime. Therefore, the trial court did not err in classifying Crawford under the law that was applicable at the time of his offense. We further note that Crawford, as part of his plea agreement, agreed to be classified as a sexual predator under Megan's Law.

{¶19} Crawford also argues that the trial court should have sentenced him under

Am.Sub.S.B. No. 2 ("S.B. 2") instead of the new sentencing provisions because his crime occurred prior to the enactment of the new sentencing provisions under Am.Sub.H.B. 86 ("H.B. 86"). We disagree.

{¶20} R.C. 1.58(B) provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." H.B. 86 contains uncodified law addressing the effect of R.C. 1.58(B) on its new sentencing provisions. The uncodified law of H.B. 86 provides for the application of R.C. 1.58(B), specifying that if the potential sentence for an offense was reduced under H.B. 86, then R.C. 1.58(B) would apply to give the benefit of the reduced sentence to offenders who had not yet been sentenced.

{¶21} In Count 1, Crawford pleaded guilty to an amended charge of sexual battery, a felony of the third degree, and was sentenced to 60 months in prison. Under S.B. 2, Crawford could have been sentenced to a term of one to five years in yearly increments for that crime. Under H.B. 86, Crawford was subject to imprisonment for 12, 18, 24, 30, 36, 42, 48, 54, or 60 months in prison. Thus, Crawford was subject to less time in prison under H.B. 86 if he was given more than the minimum sentence of 12 months, e.g., Crawford could have been sentenced to 18 months under H.B. 86 instead of two years under S.B. 2, or to 30 months under H.B. 86 instead of three years under S.B. 2, and so on.

{¶22} Since the passage of H.B. 86, Ohio courts have routinely held that

defendants in positions like Crawford who committed crimes prior to H.B. 86's effective date of September 30, 2011, but were penalized after its effective date, are to be sentenced under the H.B. 86 amendments. *State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, ¶ 35, citing *State v. Limoli*, 140 Ohio St.3d 188, 2014-Ohio-3072, 16 N.E.3d 641; *see also State v. Frost*, 8th Dist. Cuyahoga No. 102376, 2015-Ohio-4493; *but see State v. Johnson*, 9th Dist. Summit No. 26788, 2013-Ohio-4680, ¶ 8 (holding that an offender who had committed a first-degree felony after the effective date of S.B. 2, but prior to the effective date of H.B. 86, and who was sentenced after the effective date of H.B. 86, faced a maximum penalty of 10 years imprisonment, not an 11-year sentence under H.B. 86).

**{¶23}** Thus, we find that the trial court did not err in sentencing Crawford under the sentencing provisions of H.B. 86.

**{¶24}** The second assignment of error is overruled.

**{¶25}** In the third assignment of error, Crawford claims that his sentence was contrary to law.

**{¶26}** When reviewing Crawford's felony sentence, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings under R.C. 2929.14(B)(2), or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider

the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

{¶27} Courts have "full discretion" to impose a sentence within the applicable statutory range. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Therefore, a sentence imposed within the statutory range is "presumptively valid" if the court considered the applicable sentencing factors. *Id.*

{¶28} Crawford contends that the court failed to consider the minimum sentence necessary under R.C. 2929.11(A). We disagree.

{¶29} R.C. 2929.11(A) provides:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and other and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution of the victim of the offense, the public, or both.

{¶30} This court has held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279,

2016-Ohio-2725, ¶ 15.

{¶31} Our review of the record confirms the trial court considered the factors and the principles and purposes of sentencing. The trial court stated at the sentencing hearing and in the sentencing journal entry that it considered the required statutory factors. The court noted that it considered the record, statements made during the sentencing hearing, the presentence investigation report, victim impacts statements, and "all other information provided and relied upon" before passing sentence. Before determining that a prison sentence was necessary to protect the public and did not demean the seriousness of the offenses, the court stated that it had considered: (1) the need for incapacitation, deterrence and rehabilitation; (2) the seriousness and recidivism factors relevant to the offense and Crawford; (3) the victims of the offenses suffered serious physical, psychological harm as a result of the offense; (4) Crawford's conduct was more serious than conduct normally constituting the offense because of the physical and mental injuries suffered by the victim of the offense; (5) the crimes spanned over a long time period; and (6) Crawford's criminal history.

{¶32} Finally, Crawford contends that the trial court did not support its reasoning as to why it was imposing consecutive sentences. But Crawford concedes that the trial court made the necessary findings to impose consecutive sentences. As mentioned, a trial court is not required to use magic words in sentencing an offender to consecutive sentences. In this case, the trial court determined that consecutive sentences were appropriate because Crawford's criminal history demonstrated that consecutive sentences

are necessary to protect the public; a single term was not sufficient to protect the public and would demean the seriousness of the crime; the harm that he caused was so severe that consecutive sentences were necessary; consecutive sentences were necessary in order to punish Crawford; and, finally, consecutive sentences were not disproportionate to the seriousness of the conduct and the danger he imposed.

{¶33} In light of the above, Crawford's sentence was supported by the record and was not contrary to law. Further, the trial court did not err in sentencing him to consecutive sentences. The third assignment of error is overruled.

{¶34} In the fourth assignment of error, Crawford claims that his plea was not entered in accordance with Crim.R. 11. We disagree.

{¶35} Under both the United States and Ohio Constitutions, a guilty plea must be made knowingly, intelligently, and voluntarily to be valid. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Therefore, before accepting a defendant's guilty plea, the trial court must address the defendant personally to inform the defendant of the constitutional rights he or she is waiving by pleading guilty. Crim.R. 11(C)(2). The court must also determine that the defendant understands the nature of the charges, the maximum penalty, and the effects of the plea. *Id.*; State *v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.

{¶36} There are two levels of compliance with Crim.R. 11(C): strict and substantial. A court must strictly comply with the rule when explaining the defendant's constitutional rights or the plea is invalid under the presumption that it was not knowingly

and voluntarily entered. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. For nonconstitutional rights, substantial compliance is sufficient. *Id*. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his [or her] plea and the rights he [or she] is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶37} In this case, the transcript establishes that the trial court engaged in a full and complete colloquy with Crawford concerning his plea, as required by Crim.R. 11(C). The trial court strictly complied with Crim.R. 11(C)(2)(c) by providing explanations of each of the constitutional rights Crawford waived by entering a plea, and Crawford indicated that he understood each right and, by pleading guilty, that he was waiving those rights.

{¶38} The trial court also substantially complied with Crim.R. 11(C)(2)(a) and (b). The court ensured that Crawford knew the degree of the offense, the maximum penalty and fine for the offense, the sex offender classification attached to the offense, and the consequences of being classified as a sex offender. Although Crawford was mistakenly told that he faced an 18½-year-term of imprisonment, when the maximum term he faced was 17½ years, Crawford has not shown how this mistake prejudiced him. Moreover, this court has routinely held that such a misstatement does not prejudice a defendant. *State v. Richmond*, 8th Dist. Cuyahoga No. 104713, 2017-Ohio-2656, ¶ 22; *see also State v. Davis*, 8th Dist. Cuyahoga No. 101338, 2015-Ohio-178. If the trial court had informed Crawford that the maximum penalty he could receive for his crimes was 18½

years in prison and then sentenced him to that maximum, our analysis would be different and we would be more inclined to find prejudice. *See Richmond* at ¶ 21.

**{¶39}** The record demonstrates that the trial court complied with the requirements of Crim.R. 11(C)(2) and, based on the totality of the circumstances, Crawford understood the implications of his plea and the rights he waived. We find, therefore, that Crawford's guilty pleas were made voluntarily, knowingly, and intelligently and his fourth and final assignment of error is overruled.

**{¶40}** The trial court did not err in proceeding on the indictment as charged, accepting Crawford's guilty pleas, in classifying Crawford as a sexual predator, or in sentencing him to 17½ years in prison.

**{¶41}** Accordingly, the judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

TIM McCORMACK, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR