The STATE of Ohio, Appellant,

v.

McCONVILLE, Appellee.

[Cite as *State v. McConville*, 182 Ohio App.3d 99, 2009-Ohio-1713.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 08CA009444.

Decided April 13, 2009.

Dennis Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellant.

John M. Prusak, for appellee.

BELFANCE, Judge.

{¶ 1} The appellant, the state of Ohio, appeals from the judgment of the Lorain County Court of Common Pleas that suspended the duty of appellee, Stephen James McConville, to comply with the community-notification requirement of the Adam Walsh Act as part of his classification as a tier III sex offender. This court affirms.

I

{¶ 2} On July 18, 2008, Stephen James McConville pleaded guilty to one count of rape and one count of gross sexual imposition. On that same date, the trial court sentenced McConville to four years' incarceration and notified him that he would be classified as a tier III sexual offender pursuant to Ohio's version of the federal Adam Walsh Child Protection and Safety Act of 2006 ("AWA"), R.C. 2950.01 et seq. The court informed McConville of his registering and reporting duties attendant to that classification. However, the trial court informed McConville that it would not impose the community-notification requirement and would address that issue at a later date after conducting a presentence investigation.

{¶ 3} On July 23, 2008, the trial court reconvened for a hearing with respect to the community-notification requirement. The trial court determined that it would not impose the requirement at that time. The state argued at the hearing that the trial court lacked the authority to suspend the requirement. The trial court was not persuaded, and the instant appeal followed.

II

{¶ 4} In its sole assignment of error, the state argues that the trial court erred when it sua sponte removed the community-notification requirement from McConville's tier III sex-offender classification. The state contends that R.C. 2950.11(F)(2) should be read to allow the trial court to remove the community-notification requirement only when the offender had been previously classified under the prior law.

102

**{¶ 5}** Whether or not the trial court has the authority to suspend the community-notification requirement is a question of statutory interpretation. Statutory interpretation involves a question of law; therefore, we review this matter de novo. *State v. Myers*, 9th Dist. Nos. 3260–M and 3261–M, 2002-Ohio-3195, 2002 WL 1376036, at ¶ 14; *Eager v. State*, 9th Dist. No. 08CA0037, 2008-Ohio-6742, 2008 WL 5274890, at ¶ 8. A de novo review requires an independent review of the trial court's decision without any deference to the trial court. *Rusov v. Ansley*, 9th Dist. No. 23748, 2007-Ohio-7022, 2007 WL 4554189, at ¶ 12, quoting *Kane v. O'Day*, 9th Dist. No. 23225, 2007-Ohio-702, 2007 WL 518376, at ¶ 6.

**{¶ 6}** Initially, we consider whether the specific language of the statute at issue is ambiguous. *Myers* at ¶ 14, quoting *Roxane Laboratories, Inc. v. Tracy* (1996), 75 Ohio St.3d 125, 127, 661 N.E.2d 1011. A statute is ambiguous when the words used are susceptible of more than one reasonable interpretation. *In re Guardianship of AL.K.*, 9th Dist. Nos. 23338 and 23339, 2007-Ohio-509, 2007 WL 397280, at ¶ 10, quoting *Donnelly v. Kashnier*, 9th Dist. No. 02CA0051–M, 2003-Ohio-639, 2003 WL 294413, at ¶ 26. If the language is unambiguous, we must apply the clear meaning of the words used, applying the rules of grammar and common usage. Id. at ¶ 9; R.C. 1.42. "A court may interpret a statute only where the statute is ambiguous." *Myers* at ¶ 15, quoting *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.* (1987), 32 Ohio St.3d 24, 27, 512 N.E.2d 332.

**{¶ 7}** The statute at issue in the case at bar became effective on January 1, 2008 as part of Ohio's adoption of the federal Adam Walsh Act ("AWA"). Although Ohio's adoption of the AWA amended numerous sections of the Ohio Revised Code, this appeal concerns only the amendments to R.C. Chapter 2950, which replaced Ohio's prior system of sex-offender classification and registration requirements. Most notably, AWA provides a systems of tiers into which sex offenders are classified based strictly on the type and number of offenses committed. The trial court no longer has the discretion to classify each sex offender based on a finding of the individual's likelihood of reoffending. Each tier mandates corresponding duties of registration.

{¶ 8} A tier I classification attaches to the least serious sex offenses with the lowest level registering requirements in terms of duration and frequency of in-person address verification. A tier III classification attaches to the most serious sex offenses and has the highest level of registering requirements, including the provision for community notification. Rape is a tier III offense. R.C. 2950.01(G)(1)(a). Tier III offenders are the only offenders subject to community notification. R.C. 2950.11(F)(1)(a).

{¶ 9} R.C. 2950.11(A) sets forth the community notification requirement and states:

Regardless of when the sexually oriented offense * * * was committed, if a person is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a sexually oriented offense * * * and if the offender * * * is in any category specified in division (F)(1)(a), (b), or (c) of this section, the sheriff with whom the offender * * * has most recently registered * * * and the sheriff to whom the offender * * * most recently sent a notice of intent to reside * * * shall provide a written notice containing the information set forth in division (B) of this section to all of the persons described in division (A)(1) to (10) of this section.

R.C. 2950.11(F)(1) outlines to whom R.C. 2950.11(A) applies, stating:

*Except as provided in division (F)(2) of this section,* the duties to provide the notices described in divisions (A) and (C) of this section apply regarding any offender * * * who is in any of the following categories:

"(a) The offender is a tier III sex offender/child-victim offender."  (Emphasis added.)

R.C. 2950.11(F)(2) provides an exception to division (F)(1), stating:

The notification provisions of this section *do not apply* to a person described in division (F)(1)(a), (b), or (c) of this section if a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to the effective date of this amendment.  (Emphasis added.)

{¶ 10} R.C. 2950.11(F)(2) outlines the factors for the sentencing court to evaluate when deciding whether the offender would have been subject to the community-notification provisions of the prior law.  The factors the sentencing court shall consider include the age of the offender;  the offender's prior criminal history as a juvenile or an adult;  the age of the victim of the current sexual offense;  the number of victims of the current sexual offense;  whether the offender used drugs or alcohol to impair the victim;  if the offender previously committed a sexual offense, whether the offender participated at that time in any programs for sexual offenders;  any mental disease or disability the offender may have;  in considering the sexual conduct of the offender toward the current victim, whether such conduct demonstrates a pattern of abuse;  any cruelty or threats toward the current victim;  whether the offender would have been classified as a habitual sex offender or habitual child-victim offender as defined in the version of the statute that existed immediately prior to January 1, 2008;  and any of the offender's behavioral characteristics that contributed to the conduct.  R.C. 2950.11(F)(2)(a) and (k).

{¶ 11} In summary, due to McConville's rape conviction, R.C. 2950.01 automatically classifies him as a tier III offender. Based on that classification, R.C. 2950.11(A) and 2950.11(F)(1)(a) provide that certain members of the community must receive notice that McConville resides or intends to reside in their neighborhood. However, R.C. 2950.11(F)(2) provides that this requirement does not apply to McConville if the court finds after a hearing that he would not have been subject to the community-notification requirement pursuant to the law in effect immediately prior to the current statute. R.C. 2950.11(F)(2)(a) and (k) delineate the factors the trial court must consider to determine if McConville would have been subjected to the community-notification requirement under the prior law.

{¶ 12} This court does not conclude that the above-quoted statutory text is ambiguous or susceptible of more than one interpretation. Accordingly, we must apply the statute as written without further interpretation. *In re Guardianship of AL.K.*, 2007-Ohio-509, 2007 WL 397280, at ¶ 9. Although division (F)(1) defines which offenders may be subject to community notification, division (F)(2) states that the notification provisions of division (F)(1) do not apply if the judge conducts a hearing and makes the circumscribed findings. The statute does not establish when such a hearing may be held and does not prohibit the hearing from being conducted in conjunction with sentencing. It also does not forbid the court from commencing the hearing sua sponte.

{¶ 13} The state contends that the trial court did not have discretion to suspend the community-notification requirement because the requirement is automatic and mandatory once McConville is classified as a tier III offender, and R.C. 2950.11(F)(2) does not apply to McConville. The state argues that R.C. 2950.11(F)(2) applies only to sex offenders previously classified under the prior version of the law. In the state's view, R.C. 2950.11(H) is the only means by which McConville could be relieved of the community-notification requirement.

{¶ 14} R.C. 2950.11(H) allows a motion to be made to remove the community-notification requirement from an offender's sentence. This motion may be made by the offender, the prosecutor, the judge, or the judge's successor. R.C. 2950.11(H)(1). R.C. 2950.11(H)(2) provides that this motion may initially be made 20 years after the offender's duty to register and verify his or her address commences. After such motion, the judge may conduct a hearing, or may dismiss the motion without hearing. R.C. 2950.11(H)(1). In order to suspend the community-notification requirement, the judge must find that the offender has proven by clear and convincing evidence that he or she is not likely to commit a future sexually oriented offense and that the suspension of the community-notification requirement is in the interests of justice. Id. In making this determination, the judge must consider the ten factors enumerated in R.C.

2950.11(K). The ten factors in division (K) are identical to ten of the 11 factors in division (F)(2).

{¶ 15} We do not deem the state's arguments to be well taken. Although the state contends that R.C. 2950.11(F)(2) is meant to apply to offenders already classified under the prior law, we fail to see how that meaning can be gleaned from a plain reading of the statute given that the text of the statute does not limit the application of division (F)(2) to prior offenders classified or convicted pursuant to the previous version of R.C. Chapter 2950. Rather, R.C. 2950.11(F)(2) provides that the notification requirements will not apply to a *person* who would not have been subject to the notification requirements under the prior law. If the legislature intended R.C. 2950.11(F)(2) to apply only to persons previously classified under the prior law, then the legislature could have included language imposing such a limitation.

{¶ 16} Although the state wishes this court to interpret the statute by going beyond the plain language of the statute, it has not provided any legislative history supporting its suggested interpretation. Given the plain language of the statute, it would appear that the legislature intended to provide the trial court with discretion to determine whether the community-notification requirements should apply to certain offenders who would not have been subject to community notification under the prior law.

{¶ 17} The state has also suggested that R.C. 2950.11(H) is the sole method by which the community-notification requirement may be suspended. Again, we find no merit in this argument. Instead, we determine that division (H) provides *another* method to relieve an offender from the community-notification requirement.[1] The language of division (F) and division (H) are distinct; each merely sets out its own procedure for relief from the requirement. We see no reason to determine that the procedures outlined in divisions (F) and (H) are interrelated or to be read in conjunction with each other.

{¶ 18} Having determined that the trial court acted within statutory authority, we now consider whether the trial court's determination to remove community notification from McConville's sentence was supported by competent, credible evidence. See, e.g., *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus; *State v. Hultz*, 9th Dist. No. 07CA0043, 2008-Ohio-4153, 2008 WL 3822592, at ¶ 9.

---

1. For example, an offender whose sentence included the community-notification requirement and who could not meet the requirements of division (F)(2) could employ division (H) to seek relief from the community-notification requirement consistent with the terms set forth in division (H).

{¶ 19} At the plea and sentencing hearing on July 18, 2008, the trial court properly found that McConville was a tier III offender due to his conviction for rape. The trial court then informed McConville of his registration duties consistent with that classification. However, the trial court held its ruling with regard to community notification in abeyance pending a presentence investigation report.

{¶ 20} On July 23, 2008, the trial court conducted a hearing with respect to the community-notification provision. On the record and in its judgment entry, the trial court stated that it considered all the factors of R.C. 2950.11(F)(2) as applied to McConville and concluded that the community-notification requirements attendant to a tier III classification did not apply to McConville.

{¶ 21} Application of R.C. 2950.11(F)(2)(a) through (k) to the instant matter reveals the following: McConville was 19 years old when he committed the offense and the victim, his fiancée at the time, was also 19. His only prior criminal offense was a misdemeanor, which was not sexually oriented. McConville's offense was not against multiple victims, and he did not impair the victim with drugs or alcohol. The offense was not alleged to be part of a larger pattern of abuse and did not involve unusual cruelty or threats. McConville reported that he has a mood disorder for which he takes multiple prescribed medications, but that his disorder is well controlled by the medications. Based on the above, McConville would not have been classified as a habitual sex offender or a sexual predator pursuant to the immediately preceding version of R.C. 2950.01 et seq. Therefore, McConville properly falls within the category of offenders to which R.C. 2950.11(F)(2) applies. See *State v. Williams*, 12th Dist. No. CA2008–02–029, 2008-Ohio-6195, 2008 WL 5052748, at ¶ 10 (stating that, under prior law, community-notification applied to habitual sex offenders and sexual predators).

{¶ 22} Accordingly, the trial court did not err in suspending the community-notification requirement with respect to McConville.

## III

{¶ 23} The state of Ohio's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

DICKINSON, P.J., and WHITMORE, J., concur.