[Cite as *State v. Jackson*, 2016-Ohio-7637.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 15CA010828 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARREL JACKSON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 14CR090543 |

DECISION AND JOURNAL ENTRY

Dated: November 7, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Darrell Jackson, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Following an investigation into drug trafficking, the Lorain Police Department executed a search warrant at Jackson's home. During the search, officers discovered a firearm, multiple cell phones, United States currency, a scale, a hydraulic press, Pyrex jars with residue, a grinder with residue, crack cocaine, and a large amount of white powder in different baggies, some of which field tested positive for cocaine. Consequently, Jackson was indicted by the Lorain County Grand Jury and charged with several counts of trafficking and possession of cocaine with specifications, tampering with evidence, having weapons while under disability, possession of criminal of tools, and drug paraphernalia. At arraignment, Jackson pleaded not guilty to the charges.

{¶3}    The Lorain Police Department then submitted the white powder to a forensic analyst to test for licit and illicit substances.  The forensic analyst testified that her analysis found three different specimens that tested positive for Benzocaine and caffeine, but no controlled substances, one specimen weighing .38 grams that tested positive for cocaine and Levamisole, and one specimen weighing 38.2 grams that tested positive for cocaine and Levamisole.  Her analysis also found that out of five baggies with a total combined weight of 137.89 grams, four tested positive for cocaine and Levamisole.  The fifth baggie was not tested due to the lab's policy of using hypergeometric distribution, which calls for the lab to test a statistical amount to give them a ninety-five percent confidence that all of the samples will have the same contents.

{¶4}    Subsequently, Jackson pleaded guilty to several counts in the indictment, waived his right to a jury trial, and proceeded to a bench trial on counts three and four of the indictment. Count Three charged Jackson with trafficking in cocaine in violation of R.C. 2925.03(A)(2), a felony of the first degree.  The offense carried a major drug offender specification and a forfeiture of property specification ($2,978.00 in cash).  Count Four charged Jackson with possession of cocaine in violation of R.C. 2925.11(A), a felony of the first degree.  The offense carried a major drug offender specification.  At the conclusion of the State's case-in-chief, Jackson raised a Crim.R. 29 motion for judgment of acquittal, arguing that R.C. 2925.03(C)(4) and R.C. 2925.11(C)(4) required the State to prove the weight of the pure cocaine involved in order to convict him of anything above a fifth degree felony.  The trial court summarily denied the motion.  The defense then rested and renewed its Crim.R. 29 motion.  The trial court subsequently found Jackson guilty of both counts and sentenced him on all counts in the indictment to an aggregate term of eleven years in prison.

{¶5}   Jackson filed this timely appeal, raising two assignments of error for our review. As both assignments of error implicate similar issues, we elect to address them together.

II.

**ASSIGMENT OF ERROR I**

MR. JACKSON'S CONVICTIONS OF FIRST DEGREE FELONY VIOLATIONS OF TITLE 29, WITH SPECIFICIATIONS, WERE BASED ON INSUFFICIENT EVIDENCE OF AN AMOUNT OF COCAINE IN EXCESS OF 100 GRAMS.

**ASSIGMENT OF ERROR II**

JACKSON'S CONVICTION OF FIRST DEGREE FELONY TRAFFICKING AND POSSESSION, ALONG WITH MAJOR DRUG OFFENDER SPECIFICATIONS, WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6}   In his first assignment of error, Jackson contends the evidence presented by the State was insufficient to convict him of any level of offense above a fifth-degree felony since the State failed to present any evidence pertaining to the quantity of cocaine beyond its mere presence. Although Jackson's second assignment of error argues that his convictions were against the manifest weight of the evidence, in the body of his brief he argues the State did not present any evidence of the amount of pure cocaine involved in each violation, so we will review this argument as a sufficiency of the evidence claim. We disagree on both points.

{¶7}   This matter involves Jackson's convictions and sentences for trafficking in cocaine, in violation of R.C.2925.03(A)(2), (C)(4), and for possession of cocaine, in violation of R.C. 2925.11(A), (C)(4). Generally, trafficking in cocaine and possession of cocaine are felonies of the fifth degree. R.C. 2925.03(C)(4)(a); R.C. 2925.11(C)(4)(a). However, as the weight of the drug involved increases, the degree of the felony is enhanced accordingly. *See* R.C.

2925.03(C)(4)(a)-(g); R.C. 2925.11(C)(4)(a)-(g). The basis of Jackson's argument is that the trial court improperly determined the level of his offense for sentencing purposes. R.C. 2925.03(A) prohibits individuals from selling or offering to sell a controlled substance. R.C. 2925.03(C)(4) states in pertinent part:

> If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
>
> (a) Except as otherwise provided * * * trafficking in cocaine is a felony of the fifth degree.
>
> * * *
>
> (g) If the amount of the drug involved equals or exceeds one hundred grams of cocaine * * * trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

Similarly, R.C. 2925.11(A) prohibits an individual from knowingly obtaining, possessing, or using a controlled substance or a controlled substance analog. R.C. 2925.11(C)(4) states in pertinent part:

> If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
> (a) Except as otherwise provided * * * possession of cocaine is a felony of the fifth degree.
>
> * * *
>
> (f) If the amount of the drug involved equals or exceeds one hundred grams of cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

{¶8} Jackson argues the language of R.C. 2925.03(C)(4)(g) and R.C. 2925.11(C)(4)(f) required the State to prove that the weight of the pure cocaine in the drug involved equaled or

exceeded 100 grams. Specifically, Jackson contends that since the State only offered evidence showing the substances involved in this case contained a detectable amount of cocaine, but not how much of the substances were chemically identifiable as cocaine, the evidence was not sufficient to find him guilty of anything higher than a fifth-degree felony. The State, on the other hand, argues that a total weight standard, where the drug involved is weighed in the aggregate, is the proper standard under R.C. 2925.03(C)(4) and 2925.11(C)(4) and that Jackson's proposition would lead to absurd results. After considering the relevant statutes and case law, we agree with the State's argument.

{¶9} A challenge to the sufficiency of the evidence to support a criminal conviction presents a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Upon review, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, paragraph two of the syllabus. Although we conduct the review de novo, "we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570, C-120751, 2013-Ohio-4775, ¶ 33.

{¶10} Whether the statutes at issue require the State to prove the weight of the drug involved based on a purity standard or a total weight standard is a matter of statutory interpretation. As a question of law, we review issues of statutory interpretation de novo. *State v. McConville*, 182 Ohio App.3d 99, 2009-Ohio-1713, ¶ 5 (9th Dist.). Initially, we must consider if the language of R.C. 2925.03(C)(4) and R.C. 2925.11(C)(4) is ambiguous and susceptible to more than one reasonable interpretation. *Id.* at ¶ 6. If a statute is ambiguous, a court will seek to interpret the statutory provision in a way that most readily furthers the legislative purpose

reflected in the wording used in the legislation. *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, ¶ 38.

**{¶11}** Jackson's argument relies heavily on *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, *motion to certify allowed*, 143 Ohio St.3d 1402, 2015-Ohio-2747, *appeal allowed*, 143 Ohio St.3d 1403, 2015-Ohio-2747. In *Gonzales*, the Sixth District held that the State, "in prosecuting cocaine offenses under R.C. 2925.11(C)(4)(a) through (f), must prove that the weight of the *actual cocaine* possessed by the defendant met the statutory threshold." (Emphasis sic). *Id.* at ¶ 47. The court reasoned that the plain language of "R.C.2925.11(C)(4)(f) increases the level of offense for possession of cocaine when the amount possessed 'equals or exceeds one hundred grams *of cocaine*'" and that "of cocaine" modified the weight in the statute. (Emphasis sic.) *Id.* at ¶ 42. Having concluded the level of offense centered on the determination of actual cocaine in the substance, the court noted that the definitions of "cocaine" in R.C. 3719.41 SCHEDULE II(A)(4) and 2925.01(X) did not include the term "mixture" as contained in the broader definitions for marihuana, LSD, and hashish. *Id.* at ¶ 43-45. The Sixth District presumed the legislature's failure to include such language in the statutory definition of cocaine was intentional and concluded that a defendant may only be held liable for the portion of the disputed substance that is chemically identified as cocaine.[1] *Id.* at ¶ 45.

**{¶12}** However, the *Gonzales* court recognized that its holding was in direct conflict with the Second District Case of *State v. Smith*, 2d Dist. Greene No. 2010-CA-36, 2011-Ohio-2568. *Id.* at ¶ 47, citing *Smith* at ¶ 14-15. Although Jackson argues the Sixth District was mistaken when it recognized this conflict, the Sixth District certified the conflict and the

---

[1] In *State v. Sanchez*, the Sixth District applied its reasoning in *Gonzales* to trafficking in cocaine cases. 6th Dist. Sandusky No. S-14-030, 2016-Ohio-542, ¶ 14-19. That case is also on appeal before the Supreme Court of Ohio. *Id.*, *appeal allowed*, 146 Ohio St.3d 1414, 2016-Ohio-3390.

Supreme Court of Ohio subsequently determined a conflict exists. The matter is currently pending before the Supreme Court.[2] *See Gonzales,* 143 Ohio St.3d 1402.

In *Smith*, the Second District held that under former R.C. 2925.03(C)(4) and former R.C. 2925.11(C)(4)(b), the State was required to prove that "the drug involved" was "a compound, mixture, preparation, or substance containing cocaine" and that the amount of "the drug involved" equaled or exceeded the statutory threshold. *Smith* at ¶ 14-15. It is enough that the substance tested, as a whole, satisfies the weight requirement and the State is not required to prove the defendant possessed or trafficked pure cocaine equal to or exceeding the statutory amount. *Id*. If current R.C.2925.03(C)(4) and R.C. 2925.11(C)(4) are read in the same manner, they would require the State to prove that the drug involved is a *compound, mixture, preparation, or substance containing cocaine* and that the amount of the drug involved, in the aggregate, meets the statutory requirement.

{¶13} Thus, the plain language in the penalty provisions at issue can be interpreted in at least two ways. The phrase "the amount of the drug involved" can be interpreted to mean the amount of a compound, mixture, preparation or substance containing cocaine or it can be interpreted to mean the amount of pure cocaine in a compound, mixture, preparation, or substance containing cocaine. If a statute is susceptible to more than one reasonable interpretation, it is ambiguous. *McConville*, 2009-Ohio-1713, ¶ 6. Moreover, "[t]he conflict among the appellate courts regarding the meaning of the phrase strongly suggests that the statutory language is ambiguous." *Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549,

---

[2] Jackson argues *Smith* is inapposite because: (1) the defendant in that case argued the "cut" or adulterant did not count as a drug because the statute specifically excluded food items from the definition of drug and the adulterant could have been a food item. As a result, the court did "not analyze the requirement that the state prove, as the statute says, an amount 'of cocaine';" and (2) the *Smith* decision did not analyze or mention the definition of "cocaine" and the Second District supports its position by citing to cases which analyze former law.

553 (2000). Therefore, as the plain language of R.C. 2925.03(C)(4) and R.C. 2925.11(C)(4) is susceptible to more than one reasonable interpretation, we determine that these statutory provisions are ambiguous.

{¶14} As we have concluded the provisions at issue are ambiguous, we may look to a number of factors to determine legislative intent. R.C. 1.49. Those factors include: the object sought to be obtained, the circumstances under which the statute was enacted, the legislative history, the common law or former statutory provisions, including laws upon the same or similar subjects, and the consequences of a particular construction. *Id.* When interpreting a statute, we must presume the entire statute is intended to be effective and that a reasonable result is intended. R.C. 1.47. When interpreting a statute, a court cannot pick out one sentence and disassociate it from the context of the entire enactment. *State v. Wilson*, 77 Ohio St.3d 334, 336 (1997). However, when a court interprets a criminal statute, the language should be strictly construed against the State and liberally construed in favor of the accused. R.C. 2901.04(A). Nevertheless, strict construction of criminal statutes should not override common sense and evident statutory purpose. *State v. Sway*, 15 Ohio St.3d 112, 116 (1984). If the statutory language is given fair meaning in accord with the manifest intent of the General Assembly, the canon of strict construction is satisfied. *Id.*

{¶15} Jackson asks this Court to dissociate the term "of cocaine" in the penalty provisions of the trafficking and possession statutes from the context of the entire enactment. R.C. 2925.03(A)(1) prohibits individuals from knowingly selling or offering to sell a controlled substance. "Controlled substance" is statutorily defined as "a drug, compound, mixture, preparation or substance included in schedule I, II, III, IV, or V." R.C. 3719.01(C). Cocaine is a schedule II controlled substance. R.C. 3719.41 SCHEDULE II(A)(4). R.C. 2925.03(C)(4)

specifies that a violation of the prohibition against selling a controlled substance will constitute trafficking of cocaine "[i]f the drug involved in the violation is cocaine *or* a compound, mixture, preparation, or substance containing cocaine." (Emphasis added.) Similarly, R.C. 2925.11(A)(1) prohibits individuals from knowingly obtaining, possessing, or using a controlled substance. R.C. 2925.11(C)(4) specifies that a violation will constitute possession of cocaine "[i]f the drug involved in the violation is cocaine *or* a compound, mixture, preparation, or substance containing cocaine." (Emphasis added.) Thus, when examining the statute as a whole, it is evident the General Assembly did not intend to distinguish between pure cocaine and cocaine in a diluted form: possession or trafficking in cocaine is the same as possessing or trafficking in a compound, mixture, preparation, or substance containing cocaine. The penalties for trafficking in or possession of cocaine set forth in the statutes increase as the weight of the "drug involved" increases. *See* R.C. 2925.03(C)(4)(a)-(f); R.C. 2925.11(C)(4)(a)-(f). As the "drug involved" can be either "cocaine" or "a compound, mixture, preparation, or substance containing cocaine," we conclude it is the total aggregate weight of the drug involved which is determinative. Whether the substance is pure cocaine or diluted is inconsequential.

{¶16} Moreover, our interpretation is supported by the legislative history and historical treatment of the statutes governing the penalties for possession and trafficking in cocaine. Relevant to our inquiry are S.B. 2 in 1995 and H.B. 86 in 2011. 1995 Am.S.B. No. 2; 2011 Am.H.B. No. 86. Prior to the enactment of S.B. 2 in 1995, the penalty enhancements for possession or trafficking of controlled substances were determined based on the bulk amount of the substance. Former R.C. 2925.03, 2925.11, 2925.01(E)(1). The bulk amount of cocaine was defined as the "amount equal to or exceeding ten grams or twenty-five unit doses of a *compound, mixture, or substance that contains any amount of * * * cocaine*." (Emphasis added.) Former

2925.01(E)(1). Under this statutory scheme, Ohio courts did not require the State to prove the amount of pure cocaine in a substance. *See e.g. State v. Neal*, 3d Dist. Hancock No.5-89-6, 1990 WL 88804 (June 29, 1990); *State v. Morris*, 8th Dist. Cuyahoga No. 67401, 1995 WL 571998 (Sept. 28, 1995); *State v. Miller*, 2d Dist. Montgomery No. 13121, 1993 WL 294806 (July 29, 1993); *State v. Brown*, 107 Ohio App.3d 194 (3d Dist.1995).

{¶17} S.B. 2 and S.B. 269 altered the treatment of cocaine offenses by removing them from the previous "bulk amount" penalty scheme and creating a drug specific scheme that differentiated between cocaine and crack cocaine. Former R.C. 2925.03(C)(4) and 2925.11(C)(4). In both the possession and trafficking penalty statutes, if the "drug involved" was "cocaine or a compound, mixture, preparation, or substance containing cocaine," the penalties were based on the amount of drug involved. *Id.* For example, former R.C. 2925.03(C)(4)(c) stated in pertinent part:

> [I]f the amount of the drug involved equals or exceeds five grams but is less than ten grams *of cocaine* that is not crack cocaine or equals or exceeds one gram but is less than five grams of crack cocaine, trafficking in cocaine is a felony of the fourth degree.

(Emphasis added.) The Supreme Court of Ohio noted that under this statutory scheme, "the General Assembly authorized criminal penalties for drug trafficking based on the identity and amount of the controlled substance involved * * * and that [b]y the terms of the penalty statute for cocaine * * * the substance involved in the violation is to *be* cocaine, or * * * a compound, mixture, preparation or substance *containing* cocaine." (Emphasis Sic.) (Internal citations omitted.) *Garr v. Warden, Madison Corr. Inst.*, 126 Ohio St.3d 334, 2010-Ohio-2449, ¶ 26, quoting *State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, ¶ 18. Accordingly, if the drug involved contained a detectable amount of cocaine, Ohio courts would consider it cocaine for the purposes of the statute. *See Smith*, 2011-Ohio-2568 at ¶ 12 (compiling cases in support of the

conclusion that the State need not segregate the pure cocaine from the other ingredients in a substance); *see also State v. Seymour*, 9th Dist. Lorain No. 12CA010250, 2013-Ohio-1936, ¶ 13; *State v Remy*, 4th Dist. Ross No. 03CA2731, 2004-Ohio-3630, ¶ 50; *State v. Fuller*, 1st Dist. Hamilton No. C-960753, 1997 WL 598404, *2 (Sept. 26, 1997).

**{¶18}** The statute was again revised in 2011 with the enactment of H.B. 86, with the specific purpose of eliminating the differences in criminal penalties for crack cocaine and powder cocaine. 2011 Am. Sub. H.B. No. 86, preamble; *State v. Limoli*, 140 Ohio St.3d 188, 2014-Ohio-3072, ¶ 3. Both the trafficking in cocaine and possession of cocaine penalty statutes retained the language that if the "drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of [trafficking in/possession of] cocaine." R.C. 2925.03(C)(4) and 2925.11(C)(4). However, the penalty provisions were consequentially revised to remove the distinction between powder cocaine and crack cocaine. For example, former R.C. 2925.03(C)(4)(g) was revised in pertinent part as follows:

> [I]f the amount of the drug involved equals or exceeds ~~five hundred grams but is less than one thousand~~ *one hundred* grams of cocaine ~~that is not crack cocaine or equals or exceeds twenty-five grams but is less than one hundred grams of crack cocaine~~, * * * trafficking in cocaine is a felony of the first degree.

Am. Sub. H.B. 86. Interpreting the penalty provisions in the manner prescribed in *Gonzales* would disassociate the term "of cocaine" from the context of the entire enactment. As the General Assembly specifically stated the purpose of this amendment was "to eliminate the difference in criminal penalties for crack cocaine and powder cocaine," it follows that the retention of the term "of cocaine" in the penalty provision is a show of the legislature's intention

to treat all forms of cocaine equally as "cocaine" and not a signal of intent to require a strict, previously unnecessary purity weight standard. *See Id.*

{¶19} As we have concluded that the proper standard for determining the weight of the drug involved in a trafficking or possession of cocaine offense is the total weight of the drug involved, including the pure cocaine and any cutting agents, we must determine that Jackson's convictions are supported by sufficient evidence. In this case, the drug involved was a white powdery substance, which tested positive for a detectable amount of cocaine. The forensic analyst testified that when she tests a powder, she uses a calibrated scale to weigh it, then takes a sample of the substance and uses a Gas Chromatograph/Mass Spectrometer to identify unknown substances. In this case, she tested one specimen weighing 0.38 grams, which tested positive for cocaine, one specimen weighing 38.2 grams, which was positive for cocaine, and another specimen consisting of five baggies with a total weight of 137.89 grams, four of which tested positive for cocaine. The fifth was not tested due to the lab's policy of using hypergeometric distribution, which calls for the lab to test a statistical amount to give them a ninety-five percent confidence that all of the samples will have the same contents. Therefore, the total weight of the drug tested exceeded the statutory threshold necessary for the trial court to find Jackson guilty of first degree felony trafficking in cocaine and first degree felony possession of cocaine. Accordingly, Jackson's arguments are not well-taken.

{¶20} Jackson's first and second assignments of error are overruled.

III.

{¶21} Having overruled Jackson's two assignments of error, we affirm the judgment of the Lorain County Court of Common Pleas.

Judgment Affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

MICHAEL E. STEPANIK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.