[Cite as *State v. McClain*, 2018-Ohio-538.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

MATTHEW MCCLAIN

    Appellant

C.A. No.    16AP0015

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2015 TR-C 006394

DECISION AND JOURNAL ENTRY

Dated: February 12, 2018

HENSAL, Presiding Judge.

{¶1}    Matthew McClain appeals a judgment of the Wayne County Municipal Court that convicted and sentenced him for operating a vehicle under the influence of alcohol or drugs. For the following reasons, this Court affirms.

I.

{¶2}    State Trooper Justin Ross was sitting in his cruiser by a county road one rainy summer evening when a vehicle pulled up to his. The occupants of the vehicle told him that the car in front of them had attempted to run them off the road. Trooper Ross caught up to the car and, after noticing it go left of the center line, initiated a traffic stop. When he reached the driver's door, Trooper Ross noticed damage to the left side of the car that appeared to have occurred recently. According to Trooper Ross, when he observed the driver of the car, Mr. McClain, he noticed that Mr. McClain's eyes were glassy and that his pupils were dilated, suggesting that he might be under the influence of drugs or alcohol. Mr. McClain also kept

moving his hands about, despite being told multiple times to keep them on the steering wheel. Trooper Ross, therefore, administered field sobriety tests on Mr. McClain. After observing numerous clues of impairment during each test, Trooper Ross arrested Mr. McClain for operating a vehicle under the influence of drugs or alcohol. He also cited Mr. McClain for driving left of center. The State later dismissed the driving-left-of-center charge.

{¶3} Following a trial to the bench, the municipal court found Mr. McClain guilty of the operating-under-the-influence offense. It sentenced him to 30 days in jail, which it stayed pending appeal. Mr. McClain has appealed the municipal court's judgment, assigning as error that his conviction is against the manifest weight of the evidence.

II.

ASSIGNMENT OF ERROR

APPELLANT'S CONVICTION FOR OPERATING A VEHICLE UNDER THE INFLUENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶4} The trial court found Mr. McClain guilty of violating Revised Code Section 4511.19(A)(1)(a), which provides that "[n]o person shall operate any vehicle * * * if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." In this case, it is not disputed that there was no evidence that Mr. McClain was under the influence of alcohol at the time of the stop. The question, therefore, is whether Mr. McClain was under the influence of a drug of abuse. Mr. McClain argues that his conviction is against the manifest weight of the evidence because the State failed to establish that he was impaired because he had used marijuana or because it was a side-effect of his Adderall medication. According to Mr. McClain, the State did not present any evidence that marijuana or Adderall impairs the average individual or him specifically. He relies on the Second District's decision in *State v. May*, 2d Dist. Montgomery No. 25359, 2014-Ohio-1542, which held that the

State "must do more" to establish a violation of Section 4511.19(A)(1)(a) "than simply present evidence that the defendant has taken * * * medication and shows sign of impairment." *Id*. at ¶ 46. He also relies on this Court's decision in *State v. Collins*, 9th Dist. Wayne No. 11CA0027, 2012-Ohio-2236, in which this Court recognized that Section 4511.19(A)(1)(a) requires "the State to do more than prove impairment in a vacuum[,]" and "specifically requires the State demonstrate that the source of the defendant's impairment was 'alcohol, a drug of abuse, or a combination of them.'" *Id*. at ¶ 19. In other words, the State must prove that a defendant's "impaired condition resulted from being under the influence of a drug of abuse." *Id*. at ¶ 20.

{¶5} Although couched as a "manifest weight" argument, Mr. McClain's argument that the State "was unable to provide evidence that the actions and impairment shown by McClain are the result of the use of alcohol or a drug of abuse" sounds in sufficiency. Mr. McClain also cites *State v. Eskridge*, 38 Ohio St.3d 56 (1988), which involved a question about the sufficiency of evidence, not the weight of such evidence. Accordingly, we will review Mr. McClain's argument as a sufficiency-of-the-evidence claim. *See State v. Jackson*, 9th Dist. Lorain No. 15CA010828, 2016-Ohio-7637, ¶ 6, *overruled on other grounds by State v Hamilton*, 9th Dist. Lorain No. 15CA010830, 2017-Ohio-230, ¶ 17.

{¶6} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶7} This Court's decision in *Collins* is distinguishable from this case. In *Collins*, law enforcement officers suspected that Terry Collins was under the influence of drugs because his speech was slower than it had been during previous encounters and because of Mr. Collins's performance on field sobriety tests. *Collins*, 9th Dist. Wayne No. 11CA0027, 2012-Ohio-2236, at ¶ 12-17. This Court concluded that there was insufficient evidence to convict Mr. Collins of violating Section 4511.19(A)(1)(a), however, because, despite Mr. Collins's impaired condition, there was no evidence demonstrating that he was impaired because he was under the influence of a prohibited substance. *Id*. at ¶ 20. This Court explained that the State had failed to "establish a nexus between Collins' impaired condition and any type of drug of abuse[.]" *Id*.

{¶8} Regarding whether he was under the influence of a drug of abuse, Mr. McClain concedes that he told Trooper Ross that he takes Adderall to treat a medical condition and that troopers found marijuana during a search of his vehicle. Mr. McClain has not contested the State's assertion at trial that marijuana and Adderall both qualify as drugs of abuse. *See* R.C. 4511.181(E); R.C. 4506.01(M). This case, therefore, more closely resembles *State v. Strebler*, 9th Dist. Summit No. 23003, 2006-Ohio-5711. In *Strebler*, deputies suspected William Strebler of operating a vehicle under the influence after noticing signs of impairment, including several clues during field sobriety testing. Mr. Strebler admitted that he was using Methadone, which was detected in his urine. *Id*. at ¶ 12, 14. This Court concluded that Mr. Strebler's conviction was supported by sufficient evidence because it was undisputed that he had been operating a vehicle, because he admitted taking Methadone, and because of the number of physiological signs of impairment that did not have another explanation. *Id*. at 16-20. *See also State v. Peters*, 9th Dist. Wayne No. 08CA0009, 2008-Ohio-6940, ¶ 13 (concluding that conviction for operating

under the influence of a drug of abuse was not against the manifest weight of the evidence when the defendant admitted taking a drug of abuse on the day she was stopped and exhibited several physiological factors that evidenced impairment).

{¶9}    Trooper Ross testified that Mr. McClain's glassy eyes and dilated pupils indicated that he could possibly be under the influence of a drug or alcohol.  He also testified that Mr. McClain's behavior during the field sobriety tests and his performance on them also indicated that Mr. McClain was under the influence of drugs or alcohol.  Together with Mr. McClain's admission that he was taking a medication that qualifies as a drug of abuse and the presence of marijuana in his car, we conclude that there was sufficient evidence in the record for the trial court to find Mr. McClain guilty of violating Section 4511.19(A)(1)(a).  To the extent that Mr. McClain argues that his conviction is against the weight of the evidence, we conclude that the trial court did not lose its way when it found him guilty of the offense.  *See State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  This is not the exceptional case that requires reversal because the evidence weighs heavily against the conviction.  *See id*.  Mr. McClain's assignment of error is overruled.

### III.

{¶10}  Mr. McClain's assignment of error is overruled.  The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
DISSENTING.

{¶11} I respectfully dissent from the judgment of the majority as I would conclude that the State failed to set forth evidence establishing a nexus between McClain's impaired condition and a drug of abuse. *See State v. Collins,* 9th Dist. Wayne No. 11CA0027, 2012-Ohio-2236, ¶ 20. Accordingly, I would conclude there was insufficient evidence to support McClain's conviction.

{¶12} Only three substances were discussed at trial, alcohol, marijuana, and Adderall. There is no evidence in the record that McClain ingested alcohol. He denied alcohol

consumption, did not smell of alcohol, and his urine did not test positive for alcohol. Thus, in order to demonstrate that McClain violated R.C. 4511.19(A)(1)(a), the State was required to demonstrate that he was operating a vehicle while under the influence of a drug of abuse. *See* R.C. 4511.19(A)(1)(a). There has been no dispute on appeal that both marijuana and Adderall are drugs of abuse.

{¶13} Trooper Ross found marijuana in the vehicle, as well as a pipe containing residue. And while McClain admitted to Trooper Ross that he had smoked marijuana, he indicated that he did so, "a few weeks ago[.]" Trooper Ross denied that McClain smelled of marijuana or had bloodshot eyes, which Trooper Ross agreed would also correspond to marijuana use. Further, although Trooper Ross testified that McClain demonstrated all of the clues on the horizontal and vertical gaze nystagmus tests, Trooper Ross agreed that someone impaired by marijuana would not demonstrate those clues. Moreover, even though McClain's urine was also tested for drugs, the lab deemed that the sample was insufficient for testing.

{¶14} McClain did also admit to taking Adderall. However, there was no testimony about what the signs of Adderall impairment would be. In fact, Trooper Ross seemed to not know much about Adderall at all. Trooper Ross was asked whether the drug panel included amphetamines and he replied that he believed so. However, when he was asked if Adderall was an amphetamine, Trooper Ross responded that he was "not familiar with Adderall."

{¶15} Thus, even though there were certainly signs that McClain was impaired. I cannot say that there was sufficient evidence that the impairment was caused by alcohol, marijuana, or Adderall – the only substances that there was a suggestion might be involved. While the indicators of marijuana impairment might be considered commonly known, I cannot conclude there was sufficient evidence that McClain was impaired from marijuana. *See State v.*

*Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, ¶ 19.  With respect to Adderall, there was no lay or expert testimony explaining the common impairments linked to Adderall use.  *See id.* Thus, under the particular circumstances of this case, I can only conclude that the State failed to meet its burden.  Therefore, I respectfully dissent from the judgment of the majority.

APPEARANCES:

CHRISTINA I. REIHELD, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.