HENSAL, Presiding Judge.
 

 {¶ 1} Matthew McClain appeals a judgment of the Wayne County Municipal Court that convicted and sentenced him for operating a vehicle under the influence of alcohol or drugs. For the following reasons, this Court affirms.
 

 I.
 

 {¶ 2} State Trooper Justin Ross was sitting in his cruiser by a county road one rainy summer evening when a vehicle pulled up to his. The occupants of the vehicle told him that the car in front of them had attempted to run them off the road. Trooper Ross caught up to the car and, after noticing it go left of the center line, initiated a traffic stop. When he reached the driver's door, Trooper Ross noticed damage to the left side of the car that appeared to have occurred recently. According to Trooper Ross, when he observed the driver of the car, Mr. McClain, he noticed that Mr. McClain's eyes were glassy and that his pupils were dilated, suggesting that he might be under the influence of drugs or alcohol. Mr. McClain also kept moving his hands about, despite being told multiple times to keep them on the steering wheel. Trooper Ross, therefore, administered field sobriety tests on Mr. McClain. After observing numerous clues of impairment during each test, Trooper Ross arrested Mr. McClain for operating a vehicle under the influence of drugs or alcohol. He also cited Mr. McClain for driving left of center. The State later dismissed the driving-left-of-center charge.
 

 {¶ 3} Following a trial to the bench, the municipal court found Mr. McClain guilty of the operating-under-the-influence offense. It sentenced him to 30 days in jail, which it stayed pending appeal. Mr. McClain has appealed the municipal court's judgment, assigning as error that his conviction is against the manifest weight of the evidence.
 

 II.
 

 ASSIGNMENT OF ERROR
 

 APPELLANT'S CONVICTION FOR OPERATING A VEHICLE UNDER THE INFLUENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 

 {¶ 4} The trial court found Mr. McClain guilty of violating
 Revised Code Section 4511.19(A)(1)(a), which provides that "[n]o person shall operate any vehicle * * * if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." In this case, it is not disputed that there was no evidence that Mr. McClain was under the influence of alcohol at the time of the stop. The question, therefore, is whether Mr. McClain was under the influence of a drug of abuse. Mr. McClain argues that his conviction is against the manifest weight of the evidence because the State failed to establish that he was impaired because he had used marijuana or because it was a side-effect of his Adderall medication. According to Mr. McClain, the State did not present any evidence that marijuana or Adderall impairs the average individual or him specifically. He relies on the Second District's decision in
 
 State v. May
 
 , 2d Dist. Montgomery No. 25359,
 
 2014-Ohio-1542
 
 ,
 
 2014 WL 1419568
 
 , which held that the State "must do more" to establish a violation of Section 4511.19(A)(1)(a)"than simply present evidence that the defendant has taken * * * medication and shows sign of impairment."
 
 Id.
 
 at ¶ 46. He also relies on this Court's decision in
 
 State v. Collins
 
 , 9th Dist. Wayne No. 11CA0027,
 
 2012-Ohio-2236
 
 ,
 
 2012 WL 1820866
 
 , in which this Court recognized that Section 4511.19(A)(1)(a) requires "the State to do more than prove impairment in a vacuum[,]" and "specifically requires the State demonstrate that the source of the defendant's impairment was 'alcohol, a drug of abuse, or a combination of them.' "
 
 Id.
 
 at ¶ 19. In other words, the State must prove that a defendant's "impaired condition resulted from being under the influence of a drug of abuse."
 
 Id.
 
 at ¶ 20.
 

 {¶ 5} Although couched as a "manifest weight" argument, Mr. McClain's argument that the State "was unable to provide evidence that the actions and impairment shown by McClain are the result of the use of alcohol or a drug of abuse" sounds in sufficiency. Mr. McClain also cites
 
 State v. Eskridge
 
 ,
 
 38 Ohio St.3d 56
 
 ,
 
 526 N.E.2d 304
 
 (1988), which involved a question about the sufficiency of evidence, not the weight of such evidence. Accordingly, we will review Mr. McClain's argument as a sufficiency-of-the-evidence claim.
 
 See
 

 State v. Jackson
 
 , 9th Dist. Lorain No. 15CA010828,
 
 2016-Ohio-7637
 
 ,
 
 2016 WL 6599423
 
 , ¶ 6,
 
 overruled on other grounds by
 

 State v. Hamilton
 
 , 9th Dist. Lorain No. 15CA010830,
 
 2017-Ohio-230
 
 ,
 
 2017 WL 277485
 
 , ¶ 17.
 

 {¶ 6} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo.
 
 State v. Thompkins
 
 ,
 
 78 Ohio St.3d 380
 
 , 386,
 
 678 N.E.2d 541
 
 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:
 

 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 

 State v. Jenks
 
 ,
 
 61 Ohio St.3d 259
 
 ,
 
 574 N.E.2d 492
 
 (1991), paragraph two of the syllabus.
 

 {¶ 7} This Court's decision in
 
 Collins
 
 is distinguishable from this case. In
 
 Collins
 
 , law enforcement officers suspected that Terry Collins was under the influence of drugs because his speech was slower than it had been during previous encounters
 and because of Mr. Collins's performance on field sobriety tests.
 
 Collins
 
 , 9th Dist. Wayne No. 11CA0027,
 
 2012-Ohio-2236
 
 ,
 
 2012 WL 1820866
 
 , at ¶ 12-17. This Court concluded that there was insufficient evidence to convict Mr. Collins of violating Section 4511.19(A)(1)(a), however, because, despite Mr. Collins's impaired condition, there was no evidence demonstrating that he was impaired because he was under the influence of a prohibited substance.
 
 Id.
 
 at ¶ 20. This Court explained that the State had failed to "establish a nexus between Collins' impaired condition and any type of drug of abuse[.]"
 
 Id.
 

 {¶ 8} Regarding whether he was under the influence of a drug of abuse, Mr. McClain concedes that he told Trooper Ross that he takes Adderall to treat a medical condition and that troopers found marijuana during a search of his vehicle. Mr. McClain has not contested the State's assertion at trial that marijuana and Adderall both qualify as drugs of abuse.
 
 See
 
 R.C. 4511.181(E) ; R.C. 4506.01(M). This case, therefore, more closely resembles
 
 State v. Strebler
 
 , 9th Dist. Summit No. 23003,
 
 2006-Ohio-5711
 
 ,
 
 2006 WL 3078422
 
 . In
 
 Strebler
 
 , deputies suspected William Strebler of operating a vehicle under the influence after noticing signs of impairment, including several clues during field sobriety testing. Mr. Strebler admitted that he was using Methadone, which was detected in his urine.
 
 Id.
 
 at ¶ 12, 14. This Court concluded that Mr. Strebler's conviction was supported by sufficient evidence because it was undisputed that he had been operating a vehicle, because he admitted taking Methadone, and because of the number of physiological signs of impairment that did not have another explanation.
 
 Id.
 
 at 16-20.
 
 See also
 

 State v. Peters
 
 , 9th Dist. Wayne No. 08CA0009,
 
 2008-Ohio-6940
 
 ,
 
 2008 WL 5412884
 
 , ¶ 13 (concluding that conviction for operating under the influence of a drug of abuse was not against the manifest weight of the evidence when the defendant admitted taking a drug of abuse on the day she was stopped and exhibited several physiological factors that evidenced impairment).
 

 {¶ 9} Trooper Ross testified that Mr. McClain's glassy eyes and dilated pupils indicated that he could possibly be under the influence of a drug or alcohol. He also testified that Mr. McClain's behavior during the field sobriety tests and his performance on them also indicated that Mr. McClain was under the influence of drugs or alcohol. Together with Mr. McClain's admission that he was taking a medication that qualifies as a drug of abuse and the presence of marijuana in his car, we conclude that there was sufficient evidence in the record for the trial court to find Mr. McClain guilty of violating Section 4511.19(A)(1)(a). To the extent that Mr. McClain argues that his conviction is against the weight of the evidence, we conclude that the trial court did not lose its way when it found him guilty of the offense.
 
 See
 

 State v. Otten
 
 ,
 
 33 Ohio App.3d 339
 
 , 340,
 
 515 N.E.2d 1009
 
 (9th Dist.1986). This is not the exceptional case that requires reversal because the evidence weighs heavily against the conviction.
 
 See
 

 id.
 

 Mr. McClain's assignment of error is overruled.
 

 III.
 

 {¶ 10} Mr. McClain's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.
 

 Judgment affirmed.
 

 TEODOSIO, J.
 

 CONCURS.