[Cite as *State v. Jackson*, 2019-Ohio-1153.]

STATE OF OHIO           )                IN THE COURT OF APPEALS
                         )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 18CA011363 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARRELL L. JACKSON, JR. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 14CR090543 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2019

TEODOSIO, Presiding Judge.

{¶1} Appellant, Darrell L. Jackson, appeals from the trial court's denial of his petition to vacate or set aside judgment of conviction or sentence in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court previously set forth the procedural history of this case as follows:

Following an investigation into drug trafficking, the Lorain Police Department executed a search warrant at Jackson's home. During the search, officers discovered a firearm, multiple cell phones, United States currency, a scale, a hydraulic press, Pyrex jars with residue, a grinder with residue, crack cocaine, and a large amount of white powder in different baggies, some of which field tested positive for cocaine. Consequently, Jackson was indicted by the Lorain County Grand Jury and charged with several counts of trafficking and possession of cocaine with specifications, tampering with evidence, having weapons while under disability, possession of criminal of tools, and drug paraphernalia. At arraignment, Jackson pleaded not guilty to the charges.

* * *

Subsequently, Jackson pleaded guilty to several counts in the indictment, waived his right to a jury trial, and proceeded to a bench trial on counts three and four of the indictment. Count Three charged Jackson with trafficking in cocaine in violation of R.C. 2925.03(A)(2), a felony of the first degree. The offense carried a major drug offender specification and a forfeiture of property specification ($2,978.00 in cash). Count Four charged Jackson with possession of cocaine in violation of R.C. 2925.11(A), a felony of the first degree. The offense carried a major drug offender specification. At the conclusion of the State's case-in-chief, Jackson raised a Crim.R. 29 motion for judgment of acquittal, arguing that R.C. 2925.03(C)(4) and R.C. 2925.11(C)(4) required the State to prove the weight of the pure cocaine involved in order to convict him of anything above a fifth degree felony. The trial court summarily denied the motion. The defense then rested and renewed its Crim.R. 29 motion. The trial court subsequently found Jackson guilty of both counts and sentenced him on all counts in the indictment to an aggregate term of eleven years in prison.

*State v. Jackson*, 9th Dist. Lorain No. 15CA010828, 2016-Ohio-7637, ¶ 2-4.

**{¶3}** Mr. Jackson's convictions were affirmed on appeal. *See id.* at ¶ 21. He then filed a petition to vacate or set aside judgment of conviction or sentence in the trial court. The court construed Mr. Jackson's petition as a petition for post-conviction relief and denied it as untimely.

**{¶4}** Mr. Jackson now appeals from the trial court's denial of his petition and raises two assignments of error for this Court's review.

**{¶5}** For ease of analysis, we will consolidate Mr. Jackson's assignments of error.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S POST-CONVICTION PETITION IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**ASSIGNMENT OF ERROR TWO**

THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-CONVICTION RELIEF PETITION WHERE HE PRESENTED SUFFICIENT EVIDENCE DEHORS THE RECORD TO MERIT AN EVIDENTIARY HEARING.

**{¶6}** In his assignments of error, Mr. Jackson argues that the trial court erred and abused its discretion in denying his petition for post-conviction relief. We disagree.

**{¶7}** R.C. 2953.21(A)(1)(a) permits anyone convicted of a criminal offense "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Generally, "[w]e review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 7. Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *Id.* Here, the trial court determined Mr. Jackson's petition was untimely under R.C. 2953.21(A)(2). The court further stated because the exceptions under R.C. 2953.23(A)(1) and (2) did not apply, it was unable to entertain the untimely petition. Consequently, we will apply a de novo standard of review. *See Childs* at ¶ 9.

**{¶8}** Because Mr. Jackson filed a direct appeal of his convictions, and his case did not involve a sentence of death, he was required to file his petition "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." R.C. 2953.21(A)(2). The trial transcript was filed in this Court in Mr. Jackson's direct appeal on January 8, 2016.

However, Mr. Jackson did not file his petition in the trial court until June 11, 2018, well beyond the statutory deadline. His petition was therefore untimely.

{¶9} A trial court may not entertain untimely petitions unless the petitioner satisfies certain requirements. First, he must show that he was unavoidably prevented from discovering the facts he relies on or that, subsequent to the 365-day deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation, and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). Second, he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶10} In his petition, Mr. Jackson conceded that his petition was untimely. He argued that he was unable to locate and obtain necessary affidavits from witnesses, claiming to have therefore satisfied the requirements of R.C. 2953.23(A)(1)(a). He attached three affidavits, including his own and two from family members. He also attached an uncertified transcript of a purported telephone conversation between Mr. Jackson and trial counsel. None of these items contain facts that he was unavoidably prevented from discovering prior to the statutory deadline. Even assuming arguendo that Mr. Jackson satisfied the R.C. 2953.23(A)(1)(a) requirement, he neglected to further show how he satisfied the requirement of R.C. 2953.23(A)(1)(b). Because Mr. Jackson failed to satisfy his burden under R.C. 2953.23(A)(1)(a) and (b), we agree with the trial court's determination that it lacked authority to entertain the untimely petition. The trial court therefore did not err in denying Mr. Jackson's petition for post-conviction relief.

{¶11} Mr. Jackson's first and second assignments of error are overruled.

III.

{¶12}  Mr. Jackson's first and second assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DARRELL L. JACKSON, SR., pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.